SETH J. SCHWARTZ (State Bar No. 103357)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorney for Defendants
CITY OF BERKELEY, BUILDING OPPORTUNITIES FOR
SELF-SUFFICIENCY (B.O.S.S.), BOONA CHEEMA, SETH
SCHWARTZ and MCNAMARA, DODGE, NEY, BEATTY,
SLATTERY, PFALZER, BORGES & BROTHERS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL FOLEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF BERKELEY; B.O.S.S.; BOONA CHEEMA, KIRK NEUNER; SETH SCHWARTZ; McNAMARA & DODGE; THE HONORABLE KENNETH BURR; THE HONORABLE FRANNK McGUINESS; JUDICIAL COUNCIL OF CALIFORNIA,<br><br>　　　　Defendants. | Case No. 08-02370 JL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:　October 15, 2008<br>Time:　9:30 a.m.<br>Dept:　Courtroom F, 15th Floor<br>Judge: Honorable James Larson |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# I. INTRODUCTION

Plaintiff Darrell Foley's ("Plaintiff" or "Foley") Complaint (hereinafter referred to as "Foley V") is the latest in a long, malicious and wholly futile campaign against numerous persons and entities who he believes have wronged him during his residency at a transitional housing facility located in Berkeley, California. Apparently undeterred by copious determinations by both state and federal courts that Foley has not alleged any sustainable legal theory or identified any evidence entitling him to relief, and convinced California's vexatious litigant statute is unconstitutional,[1] Plaintiff has now engaged in blatant forum-shopping by bringing this federal lawsuit seeking damages and equitable relief.

For the reasons stated below, and in Defendants Judge Burr, Justice McGuiness and Judicial Council of California's (hereafter "Judicial Defendants") Motion to Dismiss and Motion for Pre-filing Review,[2] the Court should dismiss Plaintiff's Complaint without leave to amend and issue an Order requiring pre-filing review of all future complaints and/or motions filed by Foley in this Court.

As is evident from Plaintiff's Complaint, his allegations can be distilled to three (3) factual and legal allegations. First, Plaintiff claims that Defendants destroyed evidence. Next, Plaintiff claims that the rent he is charged for his federally-subsidized housing is unfair and discriminatory. Finally, Plaintiff claims that California's vexatious litigant statute is unconstitutional.

Initially, Plaintiff's claim that Defendants destroyed evidence should be dismissed for the simple reason that spoliation of evidence is not a recognized tort under California law. Second, Plaintiff is collaterally estopped from claiming that he is being charged excessive and discriminatory rent because Plaintiff has already litigated this claim numerous times against these Defendants with absolutely no success. Lastly, for the reasons stated in the Judicial Defendants'

---

[1] The Superior Court of Alameda County, Honorable Winifred Smith, declared Plaintiff a vexatious litigant on December 07, 2006. (Order, attached as "**Exhibit A**" to the Declaration of Seth J. Schwartz in support of Defendants' Motion to Dismiss ("Schwartz Decl.")).

[2] Defendants concurrently join in the Judicial Defendants' Motion to Dismiss and Motion for Pre-filing Review, filed concurrently herewith.

Motion to Dismiss, Plaintiff's claim that California's vexatious litigant statute is unconstitutional is patently unmeritorious and should be dismissed.

Accordingly, Defendants respectfully request the Court dismiss Plaintiff's Complaint without leave to amend and grant the Judicial Defendants' Motion for Pre-filing Review.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed Foley V in this Court on May 8, 2008. The Complaint included fifteen (15) purported causes of action for conspiracy, fraud, Constitutional claims, housing discrimination, abuse of process, intentional and negligent infliction of emotional distress, negligence, breach of fiduciary duty and a request for injunctive relief. Prior to this Complaint, Foley had filed at least 15 complaints in the Northern District of California, as well as at least two (2) in California's state courts.[3] With only one exception, all of these complaints have been dismissed as wholly meritless.[4]

On April 16, 2008, Defendant Judge Burr, an Alameda County Superior Court Judge, refused to allow Plaintiff's *sixth* attempt to amend his state court Complaint to include allegations of spoliation of evidence. (Order re: Motion to Amend Complaint Denied, attached to Schwartz Decl. as "**Exhibit C**"). Ostensibly as a result of this Order, Plaintiff has now decided to try his luck in this Court by filing Foley V, which, as described above, merely reiterates his claims that his rent is unfair and discriminatory, that California's vexatious litigant statute, California Code of Civil Procedure ("CCP") §§ 391.7(a) and 391(b)(1) is unconstitutional, and that Defendants have destroyed evidence. As discussed below, none of these claims have any factual or legal merit, and the Court should accordingly dismiss them without leave to amend.

## III.   LEGAL STANDARD

A court properly dismisses a claim when it is clear no relief could be granted under any set of facts that could be proven consistent with the allegations set forth in the complaint. Federal Rule of Civil Procedure ("FRCP") 12(b)(6)); see also *Newman v. Universal Pictures*, 813 F.2d

---

[3] Defendants have attached copies of the PACER reports and dockets to the Declaration of Seth Schwartz In Support of their Joinder to the Judicial Defendants' Motion for Pre-filing review.
[4] Defendant Judge Burr has allowed Plaintiff to continue to litigate his cause of action for breach of warranty of habitability. (December 4, 2007 Order re: Demurrer to Complaint, attached as "**Exhibit B**" to Schwartz Decl.)

Defendants' Memorandum of Points and Authorities in Support          3
of Motion to Dismiss Plaintiff's Complaint – C08-02370 JL

1519, 1521-1522 (9th Cir. 1987). The court must view all allegations in the complaint in the light most favorable to the non-moving party and must accept all material allegations, as well as any reasonable inferences to be drawn from them, as true. *North Star International v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).

Dimissal under FRCP 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff need not set out in detail the facts upon which he bases his claim. However, a plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to recovery." *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985).

Although complaints shall be liberally construed in the plaintiff's favor, conclusory allegations of law, unsupported factual conclusions, and unwarranted inferences need not be accepted as true. *Id; see also Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp. 711, 718 (C.D. Cal. 1993). A court need not "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blachard*, 83 F.3d 1, 3 (1st Cir. 1996).

## IV. ARGUMENT

A. <u>Plaintiff's Allegations of Unfair and/or Discriminatory Rent Are Barred by Collateral Estoppel Principles and Should be Dismissed</u>.

A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Federated Dep.'t Stores v. Moitie*, 452 U.S. 394, 398; 101 S. Ct. 2424; 69 L. Ed. 2d 103 (1981), citing *Comm.'r v. Sunnen*, 333 U.S. 591, 597 (1948); *Cromwell v. County of Sac.*, 94 U.S. 351, 352-353 (1877). "A final judgment, rendered upon the merits by a court having jurisdiction of the cause, is conclusive of the rights of the parties and those in privity with them, and is a complete bar to a new suit between them on the same cause of action." *Goddard v. Security Title Ins. & Guaranty Co.*, 14 Cal.2d 47, 51-52 (1939).

Plaintiff's Complaint contains a litany of allegations relating to his belief that he is being unfairly and/or discriminatorily charged excessive amounts of rent at his transitional housing facility in Berkeley. (*See, e.g.*, Plaintiff's Complaint at ¶ 6, "defendants charge plaintiff 67% rent, instead of the 30% capped and mandated rent congressionally legislated;" ¶ 8, "Defendants illegally charged and seized over $3,600 from plaintiff's welfare in illegal rent overcharges…;" ¶¶ 22-24, "…defendants owe plaintiff $3,600 in illegal rent overcharges as rent is defined by the 1960 Brooke Amendment to the National Housing Act of 1937. The Superior Court of Alameda County does not recognize the Brooke Amendment…[or] Wright v. Roanoke as the controlling Supreme Court precedent to plaintiff's specific set of circumstances…the state court judges are inept at understanding the federal claims."

These conclusory allegations and *ad hominem* personal attacks aside, Plaintiff's complaints of unfair and/or discriminatory rent have already been "fully and fairly litigated" against these Defendants in numerous state and federal lawsuits brought and maintained by Plaintiff. In his most recent federal lawsuit prior to this case ("Foley IV", Northern District of California Case Number C06-7297 PJH), Judge Phyllis Hamilton dismissed these allegations against these Defendants, concluding Plaintiff's claims were frivolous and he had failed to properly allege *any* recognized cause of action. (March 30, 2007 Order Dismissing Complaint and Denying Request to Proceed In Forma Pauperis, attached as "**Exhibit D**" to Schwartz Decl., pgs. 2:11-3:9; 8:1-9:11)

Approximately two (2) weeks prior to filing Foley IV, described above, Plaintiff had filed another lawsuit in the Northern District ("Foley III", Case Number C07-0402 PJH), containing similar allegations against these Defendants. Judge Hamilton again dismissed Plaintiff's Complaint, this time without leave to amend. (June 25, 2007 Order Dismissing Complaint with Prejudice as to All Defendants, attached as "**Exhibit E**" to Schwartz Decl., pg. 6:19-27)

In Foley IV, the Court noted that Plaintiff's allegations included claims that the rent schedule applied to residents of the Ninth Street property is unfair and the rent he was actually charged was unfair. (**Exhibit D** to Schwartz Decl. at pg. 2:11-3:9.) In that case, the Court specifically dismissed Plaintiff's causes of action for:

- intentional infliction of emotional distress, determining that Plaintiff's rent was necessarily determined on an individualized based and there was nothing "unfair" or "discriminatory" about Plaintiff's rent fees. (Id. at pgs. 8:9-11; 9:6-11);

- abuse of process; (…with respect to plaintiff's allegations going to…the 'discriminatory and oppressive rent charges,'" Plaintiff did not allege facts sufficient to support such a claim. (Id. at pg. 16:3-13);

- due process under the Fourteenth Amendment. (Id. at pgs. 17:26-18:16);

- equal protection under the Fourteenth Amendment. (Id. at pgs. 18:18-19:5); and

- violation of the Fourth Amendment. (Id. at pgs. 21:9-23:15).

Although Plaintiff was given leave to amend his Complaint to allege sufficient facts to support a cognizable cause of action, Plaintiff did not do so and his Complaint was dismissed with prejudice on May 7, 2007. (Order of Dismissal, attached as "**Exhibit F**" to Schwartz Decl.).

Additionally, in Foley III, "plaintiff alleg[ed] that defendants illegally strip homeless individuals or their welfare funds by illegally charging individuals rent for emergency shelter and charging $320 to welfare recipients." (Order Dismissing Complaint, pgs. 3:21-4:2, attached as "**Exhibit G**" to Schwartz Decl.)  While the Court did not specifically address this claim in its May 14, 2007 Order, it largely dismissed Plaintiff's Complaint without leave to amend, implying the Court did not believe Plaintiff could state any legal theory entitling him to relief regarding his claims for unfair and/or discriminatory rent charges. (**Exhibit G** to Schwartz Decl. at pg. 24:19-27).

Accordingly, Plaintiff has had an opportunity to fully and fairly litigate these claims against these Defendants, and these allegations have all resulted in a final judgment against Plaintiff.  Therefore, Plaintiff's allegations in Foley V regarding unfair and/or discriminatory rent charges are barred by principles of collateral estoppel and should be dismissed with prejudice.

B.   <u>Spoliation of Evidence is Not a Recognized Tort Under California Law and Plaintiff's Allegations Based on This Claim Should be Dismissed.</u>

As Defendant Judge Burr recognized in his April 16, 2008 Order regarding Plaintiff's Motion to Amend, "Plaintiff's claims are based on alleged spoliation of evidence, which is not a recognized tort." (**Exhibit C** to Schwartz Decl.)  Judge Burr is of course correct, as the Supreme

1  Court of California has explicitly held that "<u>there is no tort remedy for the intentional spoliation of evidence...</u>" *Cedars-Sinai Med. Ctr. v. Superior Court*, 18 Cal.4th 1, 17 (1998); (Emphasis added).

In this case, Plaintiff's Complaint is rife with allegations of spoliation. (*See, e.g.,* Plaintiff's Complaint ¶¶ 13-19, "[b]efore plaintiff is noticed and has time to collect evidence, the City of Berkeley draws down HUD funds and completely rehabilitates the entire property, without notice, depriving plaintiff of 'preconstruction' access to his evidence;" "[h]ow does the court now want plaintiff to prove these conditions, since the interior is painted and all floors and cabinets replaced?").[5]

In an attempt to avoid the simple conclusion that California law does not provide a tort remedy for spoliation, Plaintiff's Complaint repeatedly alleges that these Defendants "conspired" to destroy evidence. However, as Judge Hamilton recognized in her Order Dismissing Plaintiff's Complaint in Foley III, conspiracy "...is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its preparation." (Order Dismissing Complaint, pg. 11:18-22, **Exhibit G** to Schwartz Decl., citing *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-511 (1994).

Accordingly, California law clearly prohibits a tort cause of action for spoliation of evidence and of course does not recognize a cause of action based on an alleged conspiracy to commit a non-tortious act. Thus, because Plaintiff's Complaint is largely focused on these alleged wrongs,[6] the Court should dismiss Plaintiff's Complaint as to these allegations without leave to amend.

//
//

---

[5] As the Judicial Defendants note in their moving papers, "[p]laintiff's complaint is vague, disjointed and unfocused, making it difficult to understand..." (Motion to Dismiss Complaint [Rule 12 (B) F.R.C.P.] at pg. 2:20). Indeed, Plaintiff's complaints of spoliation of evidence and conspiracy appear in at least seven (7) of his purported "causes of action."

[6] Also, as noted above, Plaintiff's complaints of spoliation of evidence have been finally adjudicated in his state court case. (**Exhibit C** to Schwartz Decl.) Plaintiff's attempt to restate these claims in this Court can only be regarded as blatant forum-shopping. Moreover, this claim is barred by principles of collateral estoppel.

  C. <u>California's Vexatious Litigant Statute is Constitutional and Plaintiff's Challenge to the Statute Should be Dismissed.</u>

As the Judicial Defendants' moving papers convincingly demonstrates, Plaintiff's challenges to the constitutionality of CCP §§ 391.7(a) and 391(b)(1) have absolutely no merit and his Complaint in this regard should be dismissed without leave to amend. Accordingly, these Defendants wholly join in the Judicial Defendants' request to dismiss Plaintiff's challenges to the above-referenced statutes, for the reasons set forth in their opening brief.

## V. CONCLUSION

Plaintiff's latest Complaint is a paradigmatic example of his capacity and intent to subject numerous Defendants to continuing and frivolous litigation in both state and federal courts. The Superior Court of Alameda County has rightly declared Plaintiff a vexatious litigant, and his challenge to the constitutionality of California's vexatious litigant statute has absolutely no merit. Further, Plaintiff's claims of spoliation have no basis in the law and his allegations of illegal rent charges are meritless and barred by principles of collateral estoppel. Accordingly, Defendants respectfully ask the Court to dismiss Plaintiff's Complaint with prejudice and grant the Judicial Defendants' motion for Pre-filing review, which these Defendants join in concurrently herewith.

Dated: September 3, 2008   MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
Seth J. Schwartz
Attorney for Defendants
CITY OF BERKELEY, BUILDING OPPORTUNITIES FOR SELF-SUFFICIENCY (B.O.S.S.), BOONA CHEEMA, SETH SCHWARTZ and MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On this date I served the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Walnut Creek, California, addressed as follows:

**Attorneys For Plaintiff in Pro Per :**

Darrell D. Foley
c/o NOSCW
P.O. Box 11406
Berkeley, CA 94712-2406

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 4, 2008 at Walnut Creek, California.

Carol O'Neil