1   SETH J. SCHWARTZ (State Bar No. 103357)
    McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
2   PFALZER, BORGES & BROTHERS LLP
    1211 Newell Avenue
3   Post Office Box 5288
    Walnut Creek, CA 94596
4   Telephone: (925) 939-5330
    Facsimile: (925) 939-0203
5
    Attorney for Defendants
6   CITY OF BERKELEY, BUILDING OPPORTUNITIES FOR
    SELF-SUFFICIENCY (B.O.S.S.), BOONA CHEEMA, SETH
7   SCHWARTZ and McNAMARA, DODGE, NEY, BEATTY,
    SLATTERY, PFALZER, BORGES & BROTHERS LLP
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11
    DARRELL FOLEY,                          Case No. C08-02370 JL
12
             Plaintiff,                     **DECLARATION OF SETH J. SCHWARTZ
13                                          IN SUPPORT OF DEFENDANTS'
        vs.                                 MOTION TO DISMISS PLAINTIFF'S
14                                          COMPLAINT PURSUANT TO FEDERAL
    CITY OF BERKELEY; B.O.S.S.; BOONA       RULE OF CIVIL PROCEDURE 12(B)(6)**
15  CHEEMA; KIRK NEUNER; SETH
    SCHWARTZ; MCNAMARA & DODGE;             Date:   October 15, 2008
16  THE HONORABLE KENNETH BURR;             Time:  9:30 a.m.
    THE HONORABLE FRANK                     Dept:  Courtroom F, 15th Floor
17  McGUINNESS; JUDICIAL COUNCIL OF         Judge: Honorable James Larson
    CALIFORNIA,
18
             Defendants.
19

20

21       I, Seth J. Schwartz, Esq., hereby declare:

22       1.      I am an attorney at law duly licensed to practice before the courts of the State of

23  California and am a partner at the law firm of McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer,

24  Borges & Brothers LLP, attorneys of record for Defendants . I have personal knowledge of each

25  matter stated herein. I submit this declaration in support of Defendants' CITY OF BERKELEY,

26  BUILDING OPPORTUNITIES FOR SELF -SUFFICIENCY (B.O.S.S.), BOONA CHEEMA,

27  SETH SCHWARTZ and McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER,

28  BORGES & BROTHERS LLP ("Defendants") Motion to Dismiss pursuant to Federal Rule of

DECLARATION OF SETH J. SCHWARTZ IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS – Case No. C08-
02370 JL

1    Civil Procedure 12(b)(6).

2        2.      Attached as **Exhibit A** is a true and correct copy of an December 7, 2006 Order

3    from the Superior Court of Alameda County, Honorable Winifred Smith, declaring Plaintiff a

4    vexatious litigant under California Code of Civil Procedure ("CCP") §§ 391.7(a) and 391(b)(1).

5        2.      Attached as **Exhibit B** is a true and correct copy of a December 4, 2007 Order

6    from the Superior Court of Alameda County, Honorable Kenneth Burr, overruling Defendants'

7    demurrer to Plaintiff's Fourth Amended Complaint.

8        3.      Attached as **Exhibit C** is a true and correct copy of an April 16, 2008 Order from

9    the Superior Court of Alameda County, Honorable Kenneth Burr, denying Plaintiff's Motion to

10   Amend his Complaint and noting that spoliation of evidence is not a recognized tort under

11   California law.

12       4.      Attached as **Exhibit D** is a true and correct copy of a March 30, 2007 Order

13   Dismissing Complaint and Denying Request to Proceed In Forma Pauperis (N.D. Cal. Case No.

14   C06-7274 PJH).

15       5.      Attached as **Exhibit E** is a true and correct copy of a June 25, 2007 Order

16   Dismissing Complaint With Prejudice as to All Defendants (N.D. Cal. Case No. C07-0402 PJH).

17       6.      Attached as **Exhibit F** is a true and correct copy of a May 7, 2007 Order of

18   Dismissal (N.D. Cal. Case No. C06-7294 PJH).

19       7.      Attached as **Exhibit G** is a true and correct copy of a May 14, 2007 Order

20   Dismissing Complaint (N.D. Cal. Case No. C07-0402).

21       I declare under penalty and perjury the foregoing is true and correct.

22

23       Executed this ___7___ day of September, 2008 at Walnut Creek, California.

24                               By: _____

25                                   Seth J. Schwartz, Declarant

26

27

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

EXHIBIT "A"

Darrell D. Foley
2240 9th St
Berkeley, CA   94707-____

McNamara, Dodge, Ney, Beatty
Attn: Schwartz, Seth J.
1211 Newell avenue, 2nd Floor
P.O. Box 5288
Walnut Creek, CA   94596

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Foley<br><br>    Plaintiff/Petitioner(s)<br><br>    VS.<br><br><br>City of Berkeley<br>    Defendant/Respondent(s)<br>    (Abbreviated Title) | No. <u>RG06281831</u><br><br>Order<br><br>Motion /prefiling ord for vex lit w/o leave of ct<br>Granted |

The Motion /prefiling ord for vex lit w/o leave of ct was set for hearing on 12/07/2006 at 09:00 AM in Department 31 before the Honorable Winifred Y. Smith. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Motion of Defendants City of Berkeley and Building Opportunities for Self Sufficiency ("B.O.S.S.") for Prefiling Order Prohibiting Vexatious Litigant Darrell D. Foley from Filing New Litigation in Propria Persona Without First Obtaining Leave of Court, made pursuant to CCP §§ 391(b)(1) AND 391.7(a), is GRANTED.

Defendants have made the required prima facie showing that Plaintiff Foley meets the definition of a "vexatious litigant" under CCP § 391(b)(1) because he has commenced, prosecuted and maintained in propria persona at least five lawsuits within seven years from the date of filing of the motion that were finally determined adversely against him. The Court hereby takes judicial notice of the court records in the following cases submitted by Defendants pursuant to CCP § 391.2 and Evid. Code § 452(d):

1.   Foley v. Zinnemann, et al., Case No. C 03-00585 CRB (dismissed 6/10/03).
2.   Foley v. Marquez, et al., Case No. C 03-1010 SI (dismissed 10/2/03).
3.   Foley v. Kennedy, et al., Case No. C 03-2203 VRW (dismissed 5/27/04).
4.   Foley v. Marquez, et al., Case No. C 03-2481 SI (dismissed 3/24/04).
5.   Foley v. Brady, et al., Case No. C 03-3722 SI (dismissed 5/26/04; appeal dismissed for failure to file opening brief 8/26/04).
6.   Foley v. Sedwick, et al., Case No. C 04-0137 SI (voluntary dismissal 4/20/04).
7.   Foley v. Brady, et al., Case No. C 04-1903 CW (voluntary dismissal 8/30/04).
8.   Foley v. Brady, et al., Case No. C 04-3576 JSW (appeal of bankruptcy court ruling to district court dismissed without prejudice 1/9/06).
9.   Foley v. Jellen, et al., Case No. C 04-5364 SI (dismissed 5/10/05).
10.   Foley v. Illston, et al., Case No. C 05-1797 MMC (dismissed 5/25/05; dismissal affirmed on appeal 3/29/06).

The Court need not consider the two cases that were voluntarily dismissed by Plaintiff to decide this motion, but the Court notes that a voluntary dismissal without prejudice can be considered an "adverse and final determination." Tokerud v. Capitol Bank Sacramento (1995) 38 Cal.App.4th 775, 779-780. Plaintiff has not submitted any evidence to rebut the presumption that the voluntary dismissals should be considered adverse and final determinations. See Id. at 780 fn. 3. Instead, Plaintiff argues in his

Order

EXHIBIT ___A___

McNamara Law Firm

DEC 08 2006

written opposition, submitted in the form of a Request for Judicial Notice of the November 27, 2006 filing of yet another lawsuit concerning the conditions at the Ninth Street house, Foley v. Bates, et al., Case No. C 06-7294 PJH (N.D. Cal., Hamilton, J.), that Defendants are retaliating against him and harassing him by filing this motion in this Court when the matter is already before Judge Jeffrey White in the United States District Court for the Northern District of California. The Court cannot properly evaluate Plaintiff's bald contention without evidence, which has not been provided, showing that the same or similar motion has been filed and is being considered by Judge White. The Court further notes that there is no explicit or implied provision in CCP § 391.7 that limits the Court's authority to make the requested prefiling order because the request has previously been made to another judge or in another court.

For the reasons stated above, the Court HEREBY DECLARES that Plaintiff Darrell F. Foley is a "vexatious litigant" under the definition set forth in CCP § 391(b)(1), and FINDS THAT good cause exists for the requested entry of a prefiling order pursuant to CCP § 391.7. Plaintiff Darrell F. Foley is HEREBY PROHIBITED from filing any new litigation in the courts of the state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Plaintiff Darrell F. Foley is HEREBY ADVISED that if he fails to comply with the terms of this order, he may be subject to contempt sanctions.

Defendants City of Berkeley and B.O.S.S. shall promptly deliver a copy of this order to the Judicial Council of the State of California. See Wolfgram v. Wells Fargo Bank (1997) 53 Cal.App.4th 43, 49.

Dated:  12/07/2006

_Facsimile_
_Winifred Y. Smith_
_____
Judge Winifred Y. Smith

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG06281831
·Order After Hearing Re: of 12/07/2006

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 201 13th Street, Oakland, California.

Executed on 12/07/2006.

Executive Officer / Clerk of the Superior Court

By *Yvonne Baggett* digital

_____
Deputy Clerk

# EXHIBIT "B"

Darrell D. Foley
c/o NOSCW
P.O. Box 11406
Berkeley, CA   94712-2406

McNamara, Dodge, Ney, Beatty
Attn:  Schwartz, Seth J.
1211 Newell Avenue, 2nd Floor
P.O. Box 5288
Walnut Creek, CA    94596

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Foley | No. <u>RG06281831</u> |
|           Plaintiff/Petitioner(s) | Order |
| VS. | Demurrer to Complaint |
| City of Berkeley | Overruled |
|         Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Demurrer to Complaint was set for hearing on 12/04/2007 at 09:30 AM in Department 30 before the Honorable Kenneth Mark Burr.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The demurrer by Defendants B.O.S.S. to the Fourth Amended Complaint by Plaintiff Darrell D. Foley ("Plaintif") is OVERRULED.  Plaintiff's allegations, liberally construed, are sufficient to allege materially defective conditions that affected habitability, that those conditions were not known to Plaintiff when he occupied the premises, and that those conditions were not apparent on a reasonable inspection.  These are questions of fact.

The order will be issued by the Court.  Within 15 days of service of the Court's order, Plaintiff shall file and serve a Fifth Amended Complaint that deletes the allegations stricken by the Court's order in the ruling on Defendants' motion to strike, but is otherwise identical to the Fourth Amended Complaint. Defendants shall file an answer within 10 days of receipt of the Fifth Amended Complaint.

Dated:  12/04/2007

facsimile

_____
Judge Kenneth Mark Burr

---

Order    EXHIBIT ___B___

# EXHIBIT "C"

Darrell D. Foley                          McNamara, Dodge, Ney, Beatty
c/o NOSCW                                 Attn: Schwartz, Seth J.
P.O. Box 11406                            1211 Newell Avenue, 2nd Floor
Berkeley, CA  94712-2406                  P.O. Box 5288
                                          Walnut Creek, CA  94596

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Foley<br><br>             Plaintiff/Petitioner(s)<br><br>      VS.<br><br>City of Berkeley<br>             Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG06281831<br><br>Order<br><br>Motion to Amend Complaint<br>Denied |

The Motion to Amend Complaint was set for hearing on 04/16/2008 at 09:30 AM in Department 30 before the Honorable Kenneth Mark Burr. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The motion by Plaintiff Darrell D. Foley for leave to file an amended Complaint is DENIED. The motion is untimely. Plaintiff has not complied with C.R.C. 3.1324. Allowing Plaintiff to add new claims in this action based on facts that have occurred since this action was filed is not in the interests of justice, in light of his status as a vexatious litigant. Plaintiff's claims are based on alleged spoliation of evidence, which is not a recognized tort.

Defendants' request for judicial notice is GRANTED.

Dated: 04/16/2008

                                          _facsimile_
                                          _Kenneth M. Burr_
                                          _____
                                          Judge Kenneth Mark Burr

_____

                           Order

EXHIBIT ___C___



# EXHIBIT "D"

United States District Court
For the Northern District of California

1

2

3             UNITED STATES DISTRICT COURT

4             NORTHERN DISTRICT OF CALIFORNIA

5

6 DARRELL D. FOLEY,

7          Plaintiff,                No. C 06-7294 PJH

8     v.                           **ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO**

9 TOM BATES, et al.,              **PROCEED IN FORMA PAUPERIS**

10          Defendants.

11 _____/

12      Plaintiff Darrell D. Foley ("plaintiff") filed the instant complaint on November 27,

13 2006, along with an application to proceed in forma pauperis. Because the court finds that

14 the complaint must be dismissed under 28 U.S.C. § 1915(e)(2), the request for leave to

15 proceed in forma pauperis is DENIED.

16                          **BACKGROUND**

17      Plaintiff is a resident of Alameda County, California. He participates in a transitional

18 housing program operated by Building Opportunities for Self-Sufficiency ("BOSS"). BOSS

19 owns and maintains a residence property for its program members, located at 2240 9th

20 Street in Berkeley, California (the "Ninth Street" property), where plaintiff currently resides.

21 Plaintiff pays rent there on a month to month schedule. See Complaint: Demand for Jury

22 Trial ("Complaint"), at 3.

23      Plaintiff brings the instant action against four separate defendants: Tom Bates, the

24 Mayor of Berkeley, whom plaintiff sues in his official capacity only; Boona Cheema, alleged

25 director of BOSS, whom plaintiff sues in her official and individual capacity; California

26 Superior Court for the County of Alameda; and the federal district court for the Northern

27 District of California. See Complaint at 2.

28      Plaintiff's complaint generally takes issue with numerous aspects of BOSS'

EXHIBIT ____D____

United States District Court

For the Northern District of California

1    transitional housing program, its rental policies, and its treatment of plaintiff's tenancy.
2    While the complaint is non-sensical in parts, the court has construed it liberally in order to
3    give plaintiff the benefit of the doubt where possible.

4        Generally speaking, plaintiff's allegations can be grouped into five general areas: (1)
5    allegations concerning the rent schedule maintained by BOSS; (2) allegations concerning
6    plaintiff's actual rent payments to BOSS under the schedule; (3) allegations that a BOSS
7    employee assaulted him; (4) allegations regarding unlawful activity on the Ninth Street
8    property; and (5) allegations that some or all defendants retaliated against plaintiff in
9    response to his complaints regarding the foregoing activity.  All activity alleged by plaintiffs
10   occurred between June 2006 and December 2006.

11       First, plaintiff alleges that the rent schedule applied to residents of the Ninth Street
12   property is unfair.  Plaintiff alleges that residents – all of whom are low income – are
13   charged either $100 or $325 in monthly rent.  See id. at 6.  The amount is determined at
14   the time of initial move-in, and is based on the amount of income that a resident has at the
15   time of move-in (e.g., an unemployed tenant would pay $100, while a tenant making more
16   money is charged $325).  Id.  Plaintiff alleges, however, that the initial determination of a
17   resident's rental amount is not thereafter modified to take into account subsequent changes
18   in income.  For example, even though a resident who was initially unemployed (i.e.,
19   assigned to the $100 rental amount) later gains employment, that resident's rental payment
20   never increases to the $325 payment amount.  Id.  According to plaintiff, this two-rate rental
21   schedule is "highly discriminatory," as well as "arbitrary and inherently prone to ...
22   numerous abuses...".  Id. at 4.  Plaintiff alleges, for example, that despite receiving the
23   "exact same" welfare payment as at least one other tenant, he is being charged twice as
24   much in monthly rent.  See Complaint at 6.  He also asserts that there are also other
25   tenants who earn more money than he does, but pay less rent.  Id.

26       Second, plaintiff alleges that he has been treated unfairly with respect to his actual
27   rent payments.  Specifically, he alleges that defendants have improperly withheld a rental

28

2

United States District Court

For the Northern District of California

1  rebate that should have been credited to him. See Complaint at 4. Plaintiff claims that in

2  June 2006, the Ninth Street property manager lowered plaintiff's monthly rent from $325 to

3  $200, owing to plaintiff's unemployment at the time.[1] Id. The manager also approved a

4  rebate of $750 for plaintiff, in order to credit plaintiff back with $125 per month for the 6

5  months that plaintiff had spent unemployed prior to the adjustment in his rent. Id.

6  According to plaintiff, however, he never actually received the $750 rebate. The manager

7  who approved the rebate retired shortly after doing so, and despite plaintiff's efforts to

8  secure the money – either via rent off-sets or cash – no subsequent BOSS employee has

9  ever been willing to actually provide him with the rebate. See id. at 5, 7.

10      Third, plaintiff also complains that he was "assaulted" by defendants. Complaint at

11  8. According to plaintiff, on October 10, 2006 around 11 p.m., BOSS employee Mary

12  Duley, and an unknown male companion, illegally trespassed onto the Ninth Street

13  property.[2] Plaintiff was awakened when Ms. Duley came onto the property, as a result of

14  her "loud and party-like trespass." See id. at 9. Plaintiff came out of his residence into the

15  hallway, where he noted Ms. Duley coming towards him from the opposite direction.

16  According to plaintiff, Ms. Duley passed by him and "intentionally put her shoulder into

17  [p]laintiff as [p]laintiff passed." Complaint at 9. Plaintiff then dialed 911 and reported the

18  alleged assault. While the police came to investigate, and plaintiff purportedly sought to

19  press charges against Ms. Duley, plaintiff does not allege than an actual resulting arrest

20  took place. Plaintiff contends, however, that the assault was made all the more egregious,

21  because Ms. Duley was "impersonating" a social worker at the time. Id. at 10.

22      Fourth, plaintiff complains of certain activities undertaken by defendants with respect

23

24      [1]    The court notes that these allegations are directly contrary to plaintiff's claims
that the two-tier rental policy employed by BOSS is never modified after initial move-in.

25      [2]    Apparently, plaintiff believes that Ms. Duly's presence on BOSS property was an
26  illegal trespass, as opposed to a lawful authorized entry by a BOSS employee, based on a
Notice of Termination that plaintiff or another unnamed party served on "defendants" on August
27  1, 2006. Although the logic of these allegations is not wholly clear, plaintiff appears to believe
that, since this notice was served on defendants, defendants were stripped of all authority to
28  come onto the property. See Complaint at 8.

3

to the Ninth Street property.  Plaintiff alleges, for example, that as far back as August 2006, defendants have been on notice of the need to fix the deadbolt lock on the front door of the Ninth Street property.  See Complaint at 9, 19.  Yet, despite the property being located "in a high crime area," defendants have failed to remedy the problem.  Id.  Plaintiff also claims that defendants were aware of troublesome and/or unlawful activity on the part of one of its other residents, a parolee whom plaintiff asserts is a "violent ex-con."  See id. at 19.  Plaintiff alleges that he informed the Berkeley Police Department in August 2006 that the resident parolee was falsely representing to his parole officer that he lived on the property, when in fact he was not continuously residing there.  Plaintiff also alleges that he got into an altercation with the parolee, who threatened to kill plaintiff.  See id. at 17.  According to plaintiff, BOSS employees and agents, including defendant Boona Cheema, were aware of these facts, but did nothing.  See id. at 19.  And in November 2006, plaintiff alleges that a Berkeley city employee came onto the property and entered inside the residents' private bedrooms without the consent or prior notice of the occupants, in violation of the Landlord-Tenant Act.  See id. at 8.

Finally, plaintiff raises the specter of retaliation by defendants.  He claims that defendants are retaliating against him as a result of his complaints about defendants' actions.  He notes that on July 26, 2006, for example, while plaintiff was attempting to receive his rebate from BOSS, he emailed the defendant mayor and various city council members with his concerns about BOSS.  Although plaintiff does not allege the precise nature of his communication with these city officials, he alleges that defendants have been purposefully withholding his rebate in retaliation for such communications.  See Complaint at 4-5.

As a result of defendants' alleged conduct, plaintiff has instituted the instant action, alleging eight causes of action (plaintiff incorrectly numbers his complaint as stating nine): (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) violation(s) of 42 U.S.C. § 1983; (4) abuse of process; (5) violation(s) of the Fourteenth

4

1 Amendment; (6) violation(s) of the Fifth Amendment; (7) violation(s) of the First

2 Amendment; and (8) violation(s) of the Fourth Amendment.[3]

3 **DISCUSSION**

4 A. Legal Standard

5 Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the

6 commencement . . . of any suit . . . without prepayment of fees and costs or security

7 therefor, by a person who makes affidavit that he is unable to pay such costs or give

8 security therefor." In reviewing an application to proceed in forma pauperis, the court may

9 dismiss a case sua sponte if the court determines that the party applying for in forma

10 pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona,

11 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is

12 one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319,

13 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is often made sua

14 sponte prior to the issuance of process, so as to spare prospective defendants the

15 inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct.

16 at 1831.

17 Where a litigant is acting pro se and the court finds the litigant's complaint frivolous

18 within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the

19 deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is

20 absolutely clear that the deficiencies of the complaint could not be cured by amendment.

21 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132,

22

23     [3] Plaintiff references three pending state law actions, and two federal actions

24 currently pending in this district, alleging that all constitute related litigation. See Complaint at 2, 11-17. However, it is impossible to determine from plaintiff's complaint the nature of those

25 purportedly related actions, and whether they are in fact even relevant to the instant case. Moreover, with respect to at least one of the federal actions (only the federal actions can even

26 be deemed officially 'related' pursuant to the local rules), Judge White – before whom the action is pending – has already deemed that case to be *un*related to the instant action brought

27 by plaintiff. Accordingly, in view of this, and the generally incomprehensible nature of plaintiff's allegations, the court disregards plaintiff's allegations related to other pending litigation in the

28 state and federal courts, finding them irrelevant to the case at bar.

United States District Court
For the Northern District of California

1135-37 (9th Cir. 1987).

B.    Legal Analysis

The court has carefully reviewed the complaint and finds that it fails to state a claim under Federal Rule of Civil Procedure 8, which requires that a complaint "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Under the "notice pleading" standard embraced by Rule 8, a plaintiff satisfies the rule when he or she includes "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

As an initial matter, the court finds that the complaint must be dismissed because it fails to put each defendant on notice of the claim or claims being asserted against him/her. Plaintiff does not allege his specific claims against any specific defendant.  Rather, he generally alleges all eight claims against "all defendants," without identifying which defendant is responsible for his alleged injuries.  This is an impermissible attempt to sweep all four defendants into the lawsuit without making specific allegations as to any.

Moreover, despite the broadly worded assertions of the complaint, it is obvious that plaintiff's claims cannot even be asserted against all defendants.  Specifically, the state superior court and federal district court defendants cannot be held liable, in view of the existence of Eleventh Amendment immunity, and sovereign immunity.  See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)(Eleventh Amendment protects states and their entities against suits brought by citizens in federal court); Montana v. Goldin, 394 F.3d 1189, 1195 (9th Cir.2005)(state agencies are protected by Eleventh Amendment immunity); see also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir.1985)(bar of sovereign immunity applies in suit against officers and employees of the United States in their official capacities).

The only way for plaintiff to avoid these immunity doctrines is to establish that recognized exceptions to the doctrines apply.  With respect to the California superior court

6

defendant, Eleventh Amendment immunity will not apply if plaintiff can demonstrate (1) that

the defendant has waived its Eleventh Amendment immunity; (2) that Congress has

overridden it; or (3) that the suit is being brought for injunctive relief against a state official.

See Douglas v. Cal. Dept. of Youth Authority, 271 F.3d 812, 817-18 (9th Cir. 2001).

Similarly, with regard to the federal district court defendant, sovereign immunity will not

apply if plaintiff can demonstrate that the federal district court defendant unambiguously

waived its sovereign immunity, or otherwise consented to suit. See DaGrossa, 756 F.2d

1458-59; Lane v. Pena, 518 U.S. 187 (1996)("[a] waiver of the Federal Government's

sovereign immunity must be unequivocally expressed [by Congress] in statutory text");

United States v. Sherwood, 312 U.S. 584, 586 (1941)("The United States is immune from

suit save as it ... consents to be sued.").

Here, however, plaintiff fails to allege that any exception to either form of immunity

applies to either defendant. Plaintiff makes no claim that the California state defendant has

waived its Eleventh Amendment immunity, or that Congress has abrogated it under any

statutes pled, or that the suit is being brought for injunctive relief against a state official.

Nor does plaintiff allege that, with respect to the Northern District of Califonrnia defendant,

that arm of the federal government has waived immunity or consented to suit. As a result,

the court finds that plaintiff cannot bring a claim against either the California superior court

or federal court defendants here, and all claims as to these defendants are frivolous.

While the above observations are sufficient to warrant dismissal of plaintiff's claims

against defendants, the court nonetheless turns to the merits of each of the causes of

action asserted by plaintiff. As explained below, in addition to the problems already noted

above, plaintiff fails to allege facts supporting each separate cause of action. Thus, even if

plaintiff had placed each defendant on notice of the violations alleged against each

defendant, and furthermore stated sufficient allegations to avoid an immunity bar as to two

of the four defendants, plaintiff's complaint would still be dismissed for failure to state a

claim as to all causes of action.

7

1.     Intentional Infliction of Emotional Distress

Plaintiff asserts a claim for intentional infliction of emotional distress ("IIED").  The elements of a claim for intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  See, e.g., Cervantes v. J.C. Penney Co., 24 Cal. 3d 579, 593 (1979); see also Christensen v. Superior Court, 54 Cal. 3d 868, 904-05 (1991).

Here, although inarticulately pled, plaintiffs' claims appear to be premised on:  (1) the allegation that "[d]efendants take $200 from [p]laintiff's $336 monthly welfare stipend, but only $100 from other tenants"; (2) the allegation that plaintiff was "assaulted by a prostitute posing as a licensed, degreed, trained and experienced social worker" as well as "by an ex-con who was absconding ... at the time of the assault"; (3) the allegation that plaintiff had "his rent rebate from renting public-assisted housing withdrawn"; (4) the allegation that he has been subjected "to the degrading experience of having the most despicable, unqualified individuals review the most sensitive of his personal information contained in his case file"; and (5) defendants' failure to make the premises safe by replacing a deadbolt lock.  See Complaint at 22.

These allegations are insufficient to support plaintiff's IIED claim.  First, plaintiff fails to plead facts showing that he suffered the requisite level of emotional distress.  Severe or extreme emotional distress means "emotional distress of such substantial quantity or enduring quality that no reasonable [person] in a civilized society should be expected to endure it." Butler-Rupp v. Lourdeaux, 134 Cal. App. 4th 1220, 1226 (2005).  A mere momentary or transitory emotional distress is insufficient to constitute severe emotional distress. See Kiseskey v. Carpenters' Trust for So. Cal., 144 Cal. App. 3d 222, 231 (1983) (finding plaintiff's allegation of resulting heart attack sufficiently severe).

Here, all but the second of the allegations noted above constitute, at best, a claim

1 | that plaintiff suffered some distress because of defendants' acts in charging plaintiff a

2 | differing rent amount from others, in calculating his rent payments, in having individuals

3 | whom plaintiff dislikes greatly review his case file, and in failing to replace a deadbolt lock.

4 | But there are no allegations supporting the inference that the resulting distress was of such

5 | severity that "no reasonable [person] in a civilized society should be expected to endure it."

6 | This is particularly so, given that plaintiff himself alleges that his tenancy at the Ninth Street

7 | Property is part of a transitional housing program with guidelines governing the rent

8 | amounts that residents are required to pay, depending on their individual circumstances.

9 | This allegation cuts against plaintiff's claim, as it supports a reasonable inference that such

10 | a program inherently involves an individualized determination of rent, as well as at least a

11 | periodic review of a resident's case file.

12 | With respect to the remaining allegation upon which plaintiff bases his claim – i.e.,

13 | that he was assaulted by a prostitute posing as a social worker – this allegation, liberally

14 | read, might very well suffice in alleging severe emotional distress. However, despite this,

15 | plaintiff has still failed to plead actual and proximate causation of his emotional distress by

16 | the *defendant*'s outrageous conduct. As explained before, by virtue of the state and federal

17 | defendants' immunity from suit, the only remaining defendants against whom plaintiff's

18 | claim may lie are Boona Cheema, the alleged Director for the transitional housing program

19 | in which plaintiff participates, and Tom Bates, mayor of Berkeley. However, plaintiff's

20 | allegations say nothing about whether the alleged assault that occurred was conducted or

21 | ordered by either defendant, or within either defendant's control. Indeed, plaintiff does not

22 | even state what relation the alleged unnamed "prostitute" had with either defendant.[4] As a

23 | result, plaintiff has failed to allege sufficient facts demonstrating that the appropriate

24 |

25 | [4] While the court notes that elsewhere in his complaint, plaintiff refers to an assault

26 | by Ms. Duley, a BOSS employee, he nowhere states that Ms. Duley herself is a prostitute, such that the court can be certain that plaintiff is referring to the same individual. And even

27 | if he were, plaintiff has failed to set forth any allegations connecting Ms. Duley's actions to Ms. Cheema.

28 |

United States District Court

For the Northern District of California

9

1  defendant, through his/her outrageous conduct, has proximately caused plaintiff's severe
2  emotional distress.

3      In view of the above, plaintiff has failed to state a claim for intentional infliction of
4  emotional distress, and the claim is accordingly dismissed.

5          2.      Negligent Infliction of Emotional Distress

6      Plaintiff also alleges a claim of negligent infliction of emotional distress.  In California,
7  there is no independent tort of negligent infliction of emotional distress.  See Potter v.
8  Firestone Tire & Rubber Co., 6 Cal. 4th 965, 981 (1993).  Negligent infliction of emotional
9  distress is merely a form of the tort of negligence.  See Huggins v. Longs Drug Stores
10  California, Inc., 6 Cal. 4th 124, 129 (1993).  Thus, to establish a claim for negligent infliction
11  of emotional distress, the plaintiff must set forth each of the elements of negligence: (1)
12  duty; (2) negligent breach of duty; (3) legal cause; and (4) damages caused by the
13  negligent breach.  See Friedman v. Merck & Co., 107 Cal. App. 4th 454, 463 (2003).

14      There is no duty, however, "to avoid negligently causing emotional distress to
15  another...".  Potter, 6 Cal. 4th at 984.  Unless the defendant "has assumed a duty to plaintiff
16  in which the emotional condition of the plaintiff is an object, recovery is available only if the
17  emotional distress arises out of the defendant's breach of some other legal duty and the
18  emotional distress is proximately caused by that breach of duty."  Gu v. BMW of North
19  America, LLC, 132 Cal. App. 4th 195 (2005).  A legal duty "may be imposed by law, be
20  assumed by the defendant, or exist by virtue of a special relationship."  Potter, 6 Cal. 4th at
21  985; Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583, 590 (1989).

22      Applying these standards to the case at bar, plaintiff has failed to adequately state a
23  claim for negligence, as he fails to adequately allege the element of duty.  As to this first
24  and critical element – and construing plaintiff's complaint liberally – plaintiff alleges that the
25  transitional housing statutes require: (1) that the defendants provide "safe, healthful and
26  comfortable home accommodations, furnishing, and equipment"; (2) that plaintiff "be
27  treated with respect and [be] free from physical, emotional, or other abuse; and (3) that
28

10

1  plaintiff "be free from corporal punishment or unusual punishment, humiliation, intimidation,

2  ridicule, coercion, threat abuse, or other actions of a punitive nature...".  Complaint at 23.

3  　　　　However, these allegations are insufficient to establish a legal duty owed from any

4  defendant to plaintiff, which is "imposed by law, assumed by the defendant, or exist[s] by

5  virtue of a special relationship."  First, although the allegations purport to paraphrase the

6  duties set forth by the "transitional Housing Statutes (Title 22, division 26)," the court could

7  find no law actually existing by that name, or by that citation, let alone could it confirm that

8  the allegations made by plaintiff actually reiterate certain duties imposed on any defendant

9  by law.  Second, plaintiff makes no allegation that any defendant has independently

10  assumed any legal duties owed to plaintiff.  Third, plaintiff fails to identify any special

11  relationship that would support imposition of a legal duty upon any defendant.

12  　　　　Because plaintiff alleges no facts supporting the requisite element of duty, plaintiff

13  cannot state a claim for negligent infliction of emotional distress.  The claim must therefore

14  be dismissed.

15  　　　　　　　　3.　　　42 U.S.C. § 1983

16  　　　　Plaintiff alleges a claim under 42 U.S.C. § 1983.  Section 1983 "provides a cause of

17  action for the 'deprivation of any rights, privileges, or immunities secured by the

18  Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498,

19  508 (1990).  Section 1983 is not itself a source of substantive rights, but merely provides a

20  method for vindicating federal rights elsewhere conferred.  See Graham v. Connor, 490

21  U.S. 386, 393-94 (1989).  To state a claim under § 1983, a plaintiff must allege two

22  essential elements: (1) that a right secured by the Constitution or laws of the United States

23  was violated and (2) that the alleged violation was committed by a person acting under

24  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

25  County, 811 F.2d 1243, 1245 (9th Cir. 1987).

26  　　　　Plaintiff fails to adequately establish either element.  First, the complaint does not

27  adequately identify the statutory or constitutional right that is the basis for plaintiff's section

28

　　　　　　　　　　　　　　　　　　　　11

United States District Court

For the Northern District of California

1   1983 claim.  Indeed, plaintiff's allegations regarding this claim read as a hodgepodge of

2   disjointed statements and conclusory opinions regarding the illegal nature of defendants'

3   actions.  Plaintiff makes reference, for example, to various *state* statutes, that do not qualify

4   as federal rights, and to his "life, liberty, and property" interest, which is not, standing alone,

5   a sufficiently identifiable federal right.  Plaintiff also refers to "malicious prosecution" as a

6   basis for his claim, followed by numerous purported examples of such malicious

7   prosecution, many of which are nonsensical.  See, e.g., Complaint at 25 ("after acquiring

8   knowledge that the District Court vexatious litigant proceeding was a pending District Court

9   case ... the state defendants fail to conduct a reasonable inquiry proper to bringing the

10  duplicate motion in state court").  None of these allegations, however, is sufficient to

11  establish that "the defendants prosecuted [him] with malice and without probable cause,

12  and that they did so for the purpose of denying [him] equal protection or another specific

13  constitutional right."  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th

14  Cir.2004)(reciting elements for section 1983 claim based on malicious prosecution).

15      Finally, while plaintiff does make reference at certain points to various recognized

16  constitutional rights – specifically, the First, Fourth, Fifth and Fourteenth Amendments –

17  plaintiff's allegations in this regard are wholly conclusory, and the court cannot discern any

18  relation between the facts that plaintiff alleges, and the federal amendments he invokes.

19  See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997)(in order for

20  plaintiff to state a claim under section 1983, it must be clear from the face of plaintiff's well-

21  pleaded complaint that there is a federal question).  Plaintiff does assert several free-

22  standing causes of action for violation of each constitutional amendment elsewhere in his

23  complaint.  However, even liberally interpreting these independent claims as brought under

24  section 1983, plaintiff fails to state a claim under any of them, as described in the court's

25  subsequent analysis.

26      Second, and moreover, even if plaintiff's had managed to adequately allege that his

27  federal and/or constitutional rights were violated, plaintiff would still face hurdles in

28

12

1   satisfying the second requisite element of a section 1983 claim – i.e., that any alleged

2   violation was committed by a person acting under color of state law.  <u>See  West v. Atkins</u>,

3   487 U.S. at 48-49 (A person acts under color of state law if he "exercise[s] power

4   possessed by virtue of state law and made possible only because the wrongdoer is clothed

5   with the authority of state law.").

6        As noted at the outset of this discussion, the California superior court and federal

7   court defendants are immune from suit.  This leaves defendants Mr. Bates and Ms.

8   Cheema.  With respect to Mr. Bates – Berkeley's mayor – plaintiff's complaint contains no

9   allegations that Mr. Bates is acting under color of state law.  Generally, a public employee

10  acts under color of state law while acting in his official capacity or while exercising his

11  responsibilities pursuant to state law, but the employee's actions are not taken under color

12  of state law if they are not in any way related to the performance of his duties as a public

13  official .  <u>See  Johnson v. Knowles</u>, 113 F.3d 1114, 1117 (9th Cir. 1997); <u>Dang Vang v.</u>

14  <u>Vang Xiong X. Toyed</u>, 944 F.2d 476, 479 (9th Cir. 1991).  Here, plaintiff has completely

15  failed to identify any allegations that specifically target Mr. Bates, or demonstrate in any

16  way that Mr. Bates was taking specific actions against plaintiff, let alone does plaintiff allege

17  that Mr. Bates was exercising any responsibilities pursuant to state law.

18        With respect to Ms. Cheema, plaintiff has similarly failed to adequately allege that

19  she is acting under color of state law.  Ms. Cheema appears to be a private individual

20  defendant.  Although plaintiff alleges her to be a "state defendant," there are no factual

21  allegations that actually support this claim.  From all of plaintiff's descriptions of BOSS, it

22  appears to be a private non-profit organization, for which Ms. Cheema acts as director.

23  Generally speaking, a private individual does not act under color of state law for purposes

24  of section 1983 liability.  <u>See Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980).  An exception to

25  this rule exists "if, though only if, there is such a close nexus between the State and the

26  challenged action that seemingly private behavior may be fairly treated as that of the State

27  itself."  <u>Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288,

28

13

1   295-96 (2001) (internal quotation marks omitted).

2          Here, plaintiff alleges only that BOSS receives 100% of its funding from "the citizens

3   of Berkeley;" that BOSS receives "state-granted, complete tax exemptions on any property

4   taxes and income taxes usually charged on a rental property; that BOSS "receives all of its

5   properties for its programs from the City of Berkeley; and that BOSS "cannot make a move

6   with the property without the consent of the Mayor, City Counsel, and the Berkeley Housing

7   Authority." See Complaint at 29.   Aside from the insufficiency of some of these allegations

8   on their face (i.e., funding from Berkeley "citizens" does not constitute funding by the

9   State), none of these allegations actually states any facts that embrace Ms. Cheema

10  herself, or otherwise indicate that Ms. Cheema or her role/actions on behalf of BOSS

11  consisted of concerted action with the State, as plaintiff claims. See, e.g., Complaint at 28;

12  see also Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999)(to be liable

13  under § 1983, the defendant's actions must have caused the alleged violation); May v.

14  Animate, 633 F.2d 164, 167 (9th Cir.1980)("A [§ 1983] plaintiff must allege facts, not simply

15  conclusions, that show that an individual was personally involved in the deprivation of his

16  civil rights."). As such, no sufficient nexus has been alleged between Ms. Cheema and the

17  State, for purposes of satisfying plaintiff's section 1983 prima facie case.

18         In view of plaintiff's failure to allege the requisite elements of a section 1983 claim,

19  the section 1983 claim must be dismissed for failure to state a claim.

20              4.      Abuse of Process

21         Plaintiff next brings a claim for abuse of process.  The elements of a claim for abuse

22  of process are: (1) the defendant(s) contemplated an ulterior motive in using the process;

23  and (2) the defendant(s) committed a willful act in the use of the process not proper in the

24  regular conduct of the proceedings.  See Rusheen v. Cohen, 37 Cal. 4th 1048, 1057

25  (2006); Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., 42 Cal.3d

26  1157, 1168 (1986). T]he essence of the tort is "misuse of the power of the court; it is an act

27  done in the name of the court and under its authority for the purpose of perpetrating an

28

14

United States District Court
For the Northern District of California

1 injustice." <u>Cohen</u>, 37 Cal. 4th at 1057.

2      It is difficult to fully comprehend plaintiff's allegations with regard to this claim. It

3 appears, however, that plaintiff is in essence alleging that defendants have instituted a

4 state prosecution of plaintiff, which plaintiff claims is unwarranted "because the exact

5 process is ongoing in the federal court." <u>See</u> Complaint at 31. Plaintiff also appears to

6 allege that defendants have filed "a duplicative vexatious litigant motion to intimidate,

7 harass, coerce, and further oppress [p]laintiff in order to obtain collateral advantage,"

8 although plaintiff does not state where this motion is pending. <u>Id</u>. Plaintiff includes

9 allegations, too, that a federal judge, Bankruptcy Judge Jellen, filed two vexatious litigant

10 referrals, and abused the judicial system by improperly failing to disqualify himself from one

11 of plaintiff's ongoing federal actions. Several other allegations are made regarding

12 plaintiff's "discriminatory and oppressive rent charges," and the assault that plaintiff alleges

13 was committed against him on the Ninth Street property. <u>See id</u>. at 31-33.

14      These allegations are insufficient to state a claim for abuse of process. Plaintiff

15 objects, in essence, to the presence of multiple lawsuits against him in both state and

16 federal court. However, these allegations do not state either that any defendant

17 contemplated an ulterior motive in filing the lawsuits or that such defendant(s) committed

18 any willful act in the course of the lawsuits that was not proper in the regular conduct of

19 proceedings. In sum, plaintiff appears to really be objecting to the very existence of the

20 lawsuits. Yet it is well-established that even if a [defendant] improperly institutes or

21 maintains an action (which, again, plaintiff has not alleged here), a [defendant]'s act of

22 improperly instituting or maintaining the action is simply not a proper basis for an abuse of

23 process action. <u>See Oren Royal Oaks Venture</u>, 42 Cal. 3d at 1169.

24      Moreover, there is simply no law that prevents a plaintiff from being a party to more

25 than one lawsuit. Indeed, it is often the case that a plaintiff or defendant may have more

26 than one lawsuit pending in both state and federal court. While there may be doctrines that

27 prevent multiple litigation of the very same facts between the same parties, plaintiff has

28

15

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1    nowhere alleged that this is the case with respect to the numerous actions to which he

2    repeatedly refers in his complaint.

3          Finally, with respect to plaintiff's allegations going to both Judge Jellen's vexatious

4    litigant referrals, the "discriminatory and oppressive rent charges," and the purported

5    assault that took place, none support an abuse of process claim. Judge Jellen is not a

6    party to the instant action, and would be protected by the doctrine of judicial immunity even

7    if he were. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991). As for the alleged rent

8    charges, plaintiff does not allege that these rent charges are related to the commencement

9    or filing of any lawsuit, or are otherwise related to the "power of the courts" such that an

10   abuse of process claim is implicated. See Cohen, 37 Cal. 4th at 1057. The same is true

11   with respect to plaintiff's assault allegations.

12         In sum, in view of the above, plaintiff has failed to adequately state a claim for abuse

13   of process, and the claim must be, and is hereby, dismissed.

14              5.    Fourteenth Amendment

15         Plaintiff asserts his next cause of action under the Fourteenth Amendment. Plaintiff

16   separates his claim into two sub-parts: the first is a due process claim, and the second is

17   an equal protection claim. The Fourteenth Amendment is not self-executing, and can only

18   be brought by plaintiff pursuant to a section 1983 claim. See Magana v. Com. of the

19   Northern Mariana Islands, 107 F.3d 1436, 1441 (9th Cir. 1997)("[s]ection 1983 is [] the

20   modern-day statute 'to enforce the Provisions of the Fourteenth Amendment to the

21   Constitution.'"). Nonetheless, even construing plaintiff's claim as properly brought, plaintiff

22   fails to state a claim under either the due process or equal protection provisions of the

23   amendment.[5]

24              a.    due process claim

25

26         [5]    This result holds true for all constitutional claims that plaintiff raises herein – i.e.,

27   even construing them as having been filed pursuant to section 1983, plaintiff would still fail to
     state a claim under any. See discussion herein; see also discussion re section 1983 claim,

28   supra.

1    The due process clause of the Fourteenth Amendment protects individuals against

2 governmental deprivations of "life, liberty, and property" without due process of law. See

3 U.S. Const., amend. XIV. "[T]he touchstone of due process is protection of the individual

4 against arbitrary action of government." County of Sacramento v. Lewis, 523 U.S. 833, 845

5 (1998)(quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also Squaw Valley

6 Development Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004). The due process clause

7 confers both procedural and substantive rights – i.e., due process violations can refer either

8 to a denial of fundamental procedural fairness (procedural due process violations) or the

9 exercise of power without any reasonable justification in the service of a legitimate

10 governmental objective (substantive due process violations). See County of Sacramento v.

11 Lewis, 523 U.S. 833, 845-46 (1998). Plaintiff here alleges a substantive due process

12 violation. See Complaint at 36 ("The Defendants violate substantive due process with

13 governmental conduct that violates fundamental fairness, shocking to the universal sense

14 of justice").

15    The substantive component of the Due Process Clause "forbids the government

16 from depriving a person of life, liberty, or property in such a way that 'shocks the

17 conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" Nunez v.

18 City of Los Angeles, 147 F.3d 867, 871 (9th Cir.1998). As a threshold matter, "[t]o

19 establish a substantive due process claim a plaintiff must ... show a government deprivation

20 of life, liberty, or property." Nunez, 147 F.3d at 871; City of Cuyahoga Falls v. Buckeye

21 Cmty. Hope Found., 538 U.S. 188, 198 (2003) (noting threshold requirement of identifying

22 property interest); see also Squaw Valley Dev. Co., 375 F.3d at 948. A substantive due

23 process claim can be stated through allegations that the action was "arbitrary and irrational

24 and had no relationship to a legitimate government objective." City of Los Angeles v.

25 McLaughlin, 865 F.2d 1084, 1088 (9th Cir. 1989).

26    Here, plaintiff alleges that he has a "liberty interest in his good name, reputation,

27 honor, and integrity," although he does not specifically state how this liberty interest was

28

United States District Court
For the Northern District of California

1 violated. Complaint at 35. Plaintiff also alleges that he has a "property interest in his

2 welfare entitlement," and appears to allege that he was deprived of this interest because he

3 "is charged 67% of his welfare entitlement whereas other individuals in government-

4 subsidized housing are only charged a third." Id. Finally, included in plaintiff's statements

5 is the allegation that the concurrent proceedings in both state and federal court in which he

6 is involved – one or all of which involve vexatious litigant proceedings – "increase[] his

7 litigation burden and take[] precious resources away from [his] right to petition the court."

8 Id. at 34.

9      These allegations do not state a claim for due process violations. Even putting aside

10 the problems already mentioned with respect to plaintiff's failure to identify specific

11 defendants or even proper defendants (plaintiff has not alleged any conduct implicating Mr.

12 Bates or Ms. Cheema personally, nor has he alleged that either is a state actor), plaintiff

13 fails to allege facts showing that any actions he complains of were arbitrary or irrational, or

14 that they had no relationship to a legitimate government purpose. See City of Los Angeles

15 v. McLaughlin, 865 F.2d 1084. Accordingly, the court dismisses plaintiff's claim for violation

16 of the Due Process Clause of the Fourteenth Amendment.

17                 b.    equal protection

18      Plaintiff also asserts, as part of his Fourteenth Amendment claim, an equal

19 protection claim. He alleges that he "is being charged double to those other tenants 'similar

20 situated' in the same government subsidized property," and further alleges that "HUD rules

21 for charging rent in government assisted housing require landlords to charge a third of the

22 individual's income, not 67% that is being charged to Plaintiff." Complaint at 36-37.

23 Plaintiff also makes numerous allegations regarding the ongoing vexatious litigation

24 proceedings that he charges are pending in both state and federal court. Id. at 37-38.

25      In order to state a claim for violation of his equal protection rights, plaintiff must

26 allege that "the defendants acted with an intent or purpose to discriminate against the

27 plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d

28

1   1193, 1194 (9th Cir. 1998). Here, however, plaintiff asserts no facts showing that any

2   proper defendant acted with an intent or purpose to discriminate based on plaintiff's race,

3   gender, national origin, or other protected status. See, e.g., id. at 1194-95. Accordingly,

4   the court dismisses plaintiff's claim for violation of the Equal Protection Clause of the

5   Fourteenth Amendment.

6                    6.    Fifth Amendment

7          Plaintiff alleges that defendants have violated the due process clause of the Fifth

8   Amendment. See Complaint at 39 ("Fifth Amendment states the federal government shall

9   not deprive any person of life, liberty, or property, without due process of law."). Like the

10  Due Process Clause of the Fourteenth Amendment, the Fifth Amendment's due process

11  clause protects individuals against governmental deprivations of "life, liberty, and property"

12  without due process of law. See U.S. Const., amend. V. Similarly, to establish a

13  substantive due process claim under the Fifth Amendment, a plaintiff must also show

14  government deprivation of life, liberty or property. See Squaw Valley Development Co. v.

15  Goldberg, 375 F.3d 936, 948 (9th Cir. 2004). However, whereas the Fourteenth

16  Amendment addresses action by state governmental actors, the Fifth Amendment targets

17  action by federal government actors. See, e.g., International Olympic Committee v. San

18  Francisco Arts & Athletics, 781 F.2d 733, 736-37 (9th Cir. 1986).

19         Here, the only defendant with ties to the federal government is the federal district

20  court for the Northern District of California. As stated at the outset, however, this entity is

21  immune from suit, and plaintiff has failed to set forth any allegations that would justify

22  removing such immunity. Moreover, plaintiff's allegations with respect to his Fifth

23  Amendment due process claim are largely disjointed, and present no clear statement of

24  facts that could give rise to a due process violation. See Complaint at 39-41.

25         Accordingly, there is no circumstance under which plaintiff could state a claim for

26  violation of his due process rights under the Fifth Amendment. Plaintiff's claim is therefore

27  dismissed.

28
                                    19

7.    First Amendment

Plaintiff also alleges that defendants violated his First Amendment rights. Specifically, plaintiff asserts that defendants have violated his First Amendment right to petition the government for a redress of grievances, by "subjecting an indigent Plaintiff to three duplicative, successive vexatious referrals over a two-year period without giving Plaintiff a meaningful and timely opportunity to respond." Complaint at 41. Plaintiff alleges that, "[w]hile the vexatious litigant statute is constitutional," defendants' "two year prosecution of [p]laintiff ... under the statute" is not. See id. According to plaintiff, "government actions have 'frozen' [p]laintiff's First Amendment activities," largely due to the expense that plaintiff must incur in litigating the numerous actions.[6]

To state what courts deem an "access to the courts" claim under the First Amendment, the plaintiff "must identify a nonfrivolous, arguable underlying claim" that the plaintiff has been or will be unable to pursue properly because the defendants' actions have denied the plaintiff meaningful access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002). This showing must be addressed by allegations in plaintiff's complaint that are sufficient to give fair notice to a defendant. See id. at 416.

Here, nowhere does plaintiff set forth concrete allegations that identify with specificity the underlying legal claims upon which he bases his denial of access claim. Although his complaint elsewhere makes reference to several related cases that are pending in federal and state court, see Complaint at 2, there is no way for the court to tell which of these cases plaintiff is relying on, the current status of those cases, or even whether the defendants in those cases are the same as the defendants against whom plaintiff proceeds here. Nor has plaintiff alleged the nonfrivolous nature of any applicable

---

[6]     Plaintiff also states several allegations regarding "bankruptcy Judges Jellen and Newsome," as well as district court Judge Susan Illston. See Complaint at 44. None of these allegations are actionable, however. First, none of the individuals is named as a defendant in plaintiff's action. Second, even if they were, these defendants are generally entitled to absolute judicial immunity for all actions taken in their role as judges. See, e.g., Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

United States District Court
For the Northern District of California

1   underlying legal claim.  Finally, plaintiff has also failed to allege any facts demonstrating

2   that any inability to pursue the underlying claims stems directly from any proper *defendant*'s

3   actions (as opposed to the fact that plaintiff has insufficient means with which to litigate his

4   cases).

5          In sum, plaintiff's allegations are insufficient to give fair notice to any defendant of his

6   claim for denial of access to the courts under the First Amendment.  Accordingly, the court

7   hereby dismisses that claim.

8          8.      Fourth Amendment

9          Plaintiff brings a claim against defendants for violation of the Fourth Amendment.

10  Plaintiff alleges that private individuals, whom he identifies as the BOSS non-profit

11  organization, "knowingly encouraged and aided by the government, illegally seized his

12  welfare entitlement, rental rebate, and interfered with his position in the transitional housing

13  contract, together with interfering in his rights under the Landlord-Tenant Act."  Complaint

14  at 52.  In addition, plaintiff alleges that "[d]efendants have allowed the grossly and blatantly

15  incompetent and most unscrupulous individuals automatic access to [p]laintiff's most

16  private and sensitive personal information contained in his case file."  Id.

17         The Fourth Amendment proscribes "unreasonable searches and seizures."  U.S.

18  Const. amend. IV; Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir. 1995).  A "seizure" of

19  property occurs when there is some meaningful interference with an individual's

20  possessory interests in that property.  See U.S. v. Jacobsen, 466 U.S. 109, 113 (1984).

21  The Supreme Court, however, has consistently construed this protection as proscribing

22  only governmental action; it is wholly inapplicable "to a search or seizure, even an

23  unreasonable one, effected by a private individual not acting as an agent of the

24  Government or with the participation or knowledge of any governmental official."  Id.

25         Preliminarily, as has been noted several times, plaintiff can only proceed if at all,

26  against defendants Bates and Cheema, owing to the immunity to be granted to the other

27  two defendants.  As to these defendants, plaintiff fails to allege the requisite "governmental

28

21

United States District Court
For the Northern District of California

1    action" that would permit the Fourth Amendment's proscriptions to be applied to them.

2    Plaintiff makes absolutely no factual allegations regarding Mr. Bates' involvement in any

3    alleged seizure, let alone any allegations regarding Mr. Bates' participation with any

4    government entity in connection with the alleged seizures.  Indeed, Mr. Bates is nowhere

5    mentioned in plaintiff's charging allegations regarding this claim.  Even if he were, as a

6    local city official, he cannot be sued under the Fourth Amendment directly, as this

7    amendment binds only the federal government, and the state governments (via operation

8    of the Fourteenth Amendment).

9            As for Ms. Cheema, while plaintiff states elsewhere in his complaint that she

10   "withdrew [plaintiff's] rebate," see Complaint at 5, plaintiff fails to allege any supporting facts

11   demonstrating that such rebate withdrawal was unlawful, or any facts demonstrating that

12   Ms. Cheema was involved in any of the other "seizure" actions that plaintiff complains of.

13   More critically, however, even if plaintiff had done so, plaintiff fails to allege supporting facts

14   demonstrating that Ms. Cheema, being a private individual, was an instrument or agent of

15   the government, or was otherwise directly involved in a seizure of plaintiff's property in

16   coordination with the government.  See United States v. Young, 153 F.3d 1079, 1080 (9th

17   Cir.1998) ("The Fourth Amendment limits searches conducted by the government, not by a

18   private party, unless the private party acts as an 'instrument or agent' of the government.").

19   It is true that plaintiff alleges that BOSS has connections to, and is acting as the agent of,

20   *local* government.  See Complaint at 51.  However, BOSS has not been sued.  Without

21   more, these allegations are insufficient to demonstrate that *Ms. Cheema* was acting as a

22   government agent.  More importantly, as just noted, the Fourth Amendment binds only

23   state and federal government actions.  Accordingly, plaintiff cannot satisfy the

24   governmental action requirement under the Fourth Amendment by alleging Ms. Cheema's

25   involvement and participation with local government.

26           Since plaintiff has not adequately alleged the governmental action necessary for his

27   Fourth Amendment claim, the court need not reach the merits of plaintiff's claim.  See Jean

28

Case 3:08-cv-02370-JL   Document 34-3   Filed 09/04/2008   Page 24 of 24

1   v. Nelson, 472 U.S. 846, 854 (1985)("Fundamental principles of judicial restraint require

2   federal courts to consider nonconstitutional grounds for decision prior to reaching

3   constitutional questions."); McMichael v. County of Napa, 709 F.2d 1268, 1271 (9th

4   Cir.1983)(a federal court should decide constitutional questions only when it is impossible

5   to dispose of the case on some other ground).  The claim is hereby dismissed.

**CONCLUSION**

7        In accordance with the foregoing, the complaint is DISMISSED in its entirety.  The

8   dismissal is with LEAVE TO AMEND.  In any amended complaint, plaintiff must allege

9   separate, properly numbered causes of action; must state a specific constitutional or

10  statutory basis for *each separate cause of action*; must allege facts supporting the

11  elements of each separate cause of action, including the dates of the alleged wrongful acts;

12  must allege facts showing *each defendant*'s personal involvement in the wrongful act

13  alleged in each cause of action; and must allege the resulting harm or injury.

14       Any amended complaint must be filed no later than **April 30, 2007**.  If the amended

15  complaint is not filed by that deadline, or if it fails to comply with the directions stated

16  above, the court will dismiss the action.[7]

17  **IT IS SO ORDERED.**

18  Dated: March 30, 2007

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California

---

[7]      The court also holds that plaintiff's Requests for Judicial Notice, filed on December 13 and 15, 2006, are DENIED, as they fail to satisfy the requirements for judicial notice as set forth in Federal Rule of Evidence 201.

23

EXHIBIT "E"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRELL D. FOLEY,

        Plaintiff,

    v.

TOM BATES, et al.,

        Defendants.

_____/

No. C 07-0402 PJH

**ORDER DISMISSING COMPLAINT WITH PREJUDICE AS TO ALL DEFENDANTS**

    Plaintiff Darrell D. Foley ("plaintiff") filed the instant complaint on November 14, 2006. It was removed on January 22, 2007 pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1). Now before the court is the motion of federal defendant Hataitip Feng ("Ms. Feng" or "federal defendant"), an employee of the U.S. Department of Housing and Urban Development ("HUD") to dismiss plaintiff's complaint or, in the alternative, for summary judgment. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the moving defendant's motion for the following reasons.

### BACKGROUND

    The background of this case and the details of plaintiff's complaint are fully detailed in this Court's May 14, 2007 Order Dismissing the Complaint (as to the non-federal defendants). Of particular note here, plaintiff did not allege any acts by Ms. Feng or any other HUD employee regarding the Ninth Street property in Berkeley in which plaintiff resides ("Ninth Street Property"). Plaintiff, however, alleged each and every claim against "all defendants."

    In the May 14, 2007 Order, the court granted Tom Bates', Boona Cheema's, and Mary Duley's motion to dismiss the complaint, requiring that any amended complaint must



EXHIBIT _____ E _____

1  be filed no later than June 14, 2007 or the court would dismiss the action.[1]  The federal

2  defendant now seeks to dismiss the instant complaint on the following bases: (1) the

3  complaint does not comply with Federal Rule of Civil Procedure 8; (2) the court lacks

4  subject matter jurisdiction over the federal defendant because the action is barred by the

5  doctrine of sovereign immunity; and (3) the complaint does not state a claim against Ms.

6  Feng because it fails to allege any specific acts done by her.  In the alternative, defendant

7  moves for summary judgment.

8       In support of its motion, the federal defendant has submitted unrefuted evidence

9  regarding HUD and its activities that relate to this case.  Ms. Feng is a Community Planning

10  and Development ("CPD") representative for HUD.  The CPD administers two types of

11  grants.  The first type is a "formula grant" which is not awarded to non-governmental

12  agencies such as Building Opportunities for Self-Sufficiency ("BOSS") – the agency that

13  plaintiff alleges operated the Ninth Street Property.  Rather, it is awarded to governmental

14  entities, like the City of Berkeley, who then decides how to use the funds.  Larry Wuerstle

15  Decl. ¶¶ 3-8.  The second type of grant is the competitive grant, for which non-profit

16  organizations like BOSS can apply.  HUD's records, however, reflect that BOSS has not

17  applied for and has not been awarded any competitive grant for the Ninth Street Property.

18  Id. ¶ 11.

19                                    **DISCUSSION**

20  A.    Legal Standards

21          1.    Rule 12(b)(1)

22       Under Rule 12(b)(1), plaintiff bears the burden of establishing subject matter

23  jurisdiction.  In effect, the court presumes lack of jurisdiction until the plaintiff proves

24  otherwise.  See Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873

25  F.2d 1221, 1225 (9th Cir. 1989).  A Rule 12(b)(1) jurisdictional attack may be facial or

26  factual.  In a facial attack, the challenger asserts that the allegations contained in a

27  _____

28       [1]  Plaintiff has not amended his complaint.

United States District Court

For the Northern District of California

1   complaint are insufficient on their face to invoke federal jurisdiction.  In a facial attack, the

2   court must consider allegations of the complaint as true.  By contrast, in a factual attack,

3   the challenger disputes the truth of the allegations that, by themselves, would otherwise

4   invoke federal jurisdiction.  In resolving a factual attack on jurisdiction, the district court may

5   review evidence beyond the complaint without converting the motion to dismiss into a

6   motion for summary judgment.  The court then determines the facts for itself.  See Safe Air

7   v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In resolving a facial attack, a motion will be

8   granted if the complaint, when considered in its entirety, on its face fails to allege facts

9   sufficient to establish subject matter jurisdiction.  See, e.g., Savage v. Glendale Union High

10  School, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

11      In addition, if a plaintiff fails to exhaust his administrative remedies, the court lacks

12  subject matter jurisdiction.  Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1423 (9th

13  Cir. 1986).

14          2.    Rule 12(b)(6)

15      A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a

16  claim where it appears beyond doubt that the plaintiff can prove no set of facts in support of

17  the claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan, 320 F.3d

18  1023, 1033 (9th Cir. 2003) (citations omitted).  In evaluating a motion to dismiss, all

19  allegations of material fact are taken as true and construed in the light most favorable to

20  the nonmoving party.  See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d

21  661, 663 (9th Cir. 2000) (citations omitted).

22          3.    Rule 8

23      Federal Rule of Civil Procedure 8 requires that a complaint "contain ... a short and

24  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

25  8(a).  Under the "notice pleading" standard embraced by Rule 8, a plaintiff must include

26  "sufficient allegations to put defendants fairly on notice of the claims against them."

27  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

28

United States District Court
For the Northern District of California

4.    Rule 56

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). Material facts are those which may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250. "To show the existence of a 'genuine' issue, . . . [a plaintiff] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir. 1990) (quotations omitted). The court must view the evidence in the light most favorable to the non-moving party. United States v. City of Tacoma, 332 F.3d 574, 578 (9th Cir. 2003). If the nonmoving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

B.    Federal Defendant's Motion

As this court has previously noted, plaintiff's amended complaint is not a model of clarity. Nonetheless, construing plaintiff's amended complaint as liberally as possible,

4

1  plaintiff's amended complaint purports to state the multiple causes of action described in

2  the court's May 14, 2007 Order.  The federal defendant, however, is correct in its

3  arguments, and plaintiff's complaint must be dismissed for the following reasons.

4       As the court has already found, the complaint must be dismissed because it fails to

5  put the federal defendant on notice of the claim or claims being asserted against it.  Plaintiff

6  does not allege his specific claims against any specific defendant.  Rather, he generally

7  alleges all claims against "all defendants," without identifying which defendant is

8  responsible for his alleged injuries.  This is an impermissible attempt to sweep all four

9  defendants into the lawsuit without making specific allegations as to any.  See McKeever v.

10  Block, 932 F.2d 795, 798 (9th Cir. 1991) (plaintiff must include "sufficient allegations to put

11  defendants fairly on notice of the claims against them").  This is especially true with respect

12  to the federal defendant, because plaintiff does not allege any acts by Ms. Feng or any

13  HUD employee in his factual statement.

14       Moreover, immunity bars suit here.  "Absent a waiver, sovereign immunity shields

15  the Federal Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475

16  (1994).  Sovereign immunity is jurisdictional in nature, and the terms of any waiver of that

17  immunity define a federal court's jurisdiction to entertain suit.  Id.  Plaintiff has not alleged

18  that the federal defendant has waived immunity or consented to suit.  This action is

19  therefore barred by sovereign immunity.

20       Insofar as plaintiff is attempting to allege tortuous conduct by Ms. Feng, the Federal

21  Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-2680 ("FTCA") is the

22  exclusive waiver of sovereign immunity for tort actions against the United States and its

23  agencies and employees acting within the scope of their employment.  See Smith v. United

24  States, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. § 1346(b)).  Under the FTCA, the United

25  States is the only proper party defendant.  See 28 U.S.C. § 2679(a); Kennedy v. United

26  States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).  In addition, a key prerequisite to

27  filing suit under the FTCA is the presentation of an administrative claim to the government

28

5

**United States District Court**
For the Northern District of California

1    within two years of the alleged incident (or commencement of the action within six months

2    after the agency mails a notice of final denial of the claim).  See 28 U.S.C. § 2401(b).

3         The United States is the only proper federal defendant under the FTCA, and Ms.

4    Feng must be dismissed as a plaintiff.  More significantly, however, plaintiff has not shown

5    that sovereign immunity has been waived pursuant to the FTCA.  Nor has plaintiff

6    exhausted his administrative remedies under the FTCA, as he did not file a written claim

7    with HUD prior to filing suit.  See Culpepper Decl. ¶ 3.

8         In addition, dismissal based on sovereign immunity must be without leave to amend

9    because plaintiff's "HUD oversight" theory has no basis in the law or facts.  While the

10   complaint generally alleges that HUD funded the Ninth Street Property and should have

11   known that BOSS was not adequately operating the property, and that it therefore had

12   some legal obligation, as a factual matter, HUD has not awarded BOSS any grants for the

13   Ninth Street Property.  Plaintiff has not refuted this evidence.

14        Even if sovereign  immunity did not bar this suit, which it does, plaintiff has not

15   alleged any specific acts by Ms. Feng regarding the Ninth Street Property.  Nor does he

16   allege any mandatory act that HUD failed to do.  HUD is not involved in the facts giving rise

17   to plaintiffs' allegations; thus, dismissal is proper on this basis as well.

18                                    **CONCLUSION**

19        In accordance with the foregoing, the complaint is DISMISSED in its entirety with

20   regards to the federal defendant, because it does not comply with Federal rule of Civil

21   Procedure 8(a), does not plead subject matter jurisdiction, and fails to state a claim.

22   Moreover, there is no basis on which plaintiff could plead and prove subject matter

23   jurisdiction against the federal defendant.  Accordingly, the dismissal is WITHOUT LEAVE

24   TO AMEND.  Furthermore, all remaining claims in this case against any and all defendants

25   are DISMISSED WITHOUT LEAVE TO AMEND, as plaintiff failed to amend his complaint

26   by June 14, 2007 as previously ordered by this court.  This order terminates the case and

27   any pending motions.  The clerk shall close the file.

28

                                          6

1  **IT IS SO ORDERED.**

2

3  Dated: June 25, 2007

4                                                          PHYLLIS J. HAMILTON
                                                           United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

7

EXHIBIT "F"

Case 3:08-cv-02370-PJH Document 34-1 Filed 08/04/2008 Page 2 of 3
Case 3:06-cv-072   -PJH Document 21-1 Filed 08/04/2008 Page 2 of 3

Foley IV

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRELL D. FOLEY,

        Plaintiff,

   v.

TOM BATES, et al.,

        Defendants.

_____/

No. C 06-7294 PJH

**ORDER OF DISMISSAL**

     Pro se plaintiff Darrell D. Foley filed this action on November 27, 2006, alleging eight causes of action: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) violation(s) of 42 U.S.C. § 1983; (4) abuse of process; (5) violation(s) of the Fourteenth Amendment; (6) violation(s) of the Fourth Amendment; (7) violation(s) of the First Amendment; and (8) violation(s) of the Fifth Amendment. He also requested leave to proceed in forma pauperis ("IFP"). On March 30, 2007, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), and denied the IFP request.

     The dismissal was with leave to amend. The order advised plaintiff that if he failed to file an amended complaint by April 30, 2007 , the court would dismiss the case. The court having considered the five factors set forth in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), and having determined that notwithstanding the public policy favoring the disposition of actions on their merits, the court's need to manage its docket and the public interest in the expeditious resolution of the litigation require dismissal of this action. In view of plaintiff's lack of response to this court's prior order, the court finds there is no appropriate less drastic sanction. Accordingly, this action is dismissed with



EXHIBIT ___F___

1   prejudice.

2          IT IS SO ORDERED.

3   Dated:  May 7, 2007

4                                                    PHYLLIS J. HAMILTON
                                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DARRELL D FOLEY,

          Plaintiff,

  v.

TOM BATES et al,

          Defendants.

_____/

Case Number: CV06-07294 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darrell D. Foley
2240 Ninth Street
Berkeley, CA 94710

Dated: May 7, 2007

*Nille Hu*

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7    DARRELL D. FOLEY,
8              Plaintiff(s),                    No. C 06-7294 PJH
9         v.                                    **JUDGMENT**
10   TOM BATES, et al.
11             Defendant(s).
12   _____/
13        Plaintiff having not filed an amended complaint within the time permitted following the
14   court's dismissal of the complaint under 28 United States Code 1915(e),
15        it is Ordered and Adjudged
16        that the complaint is dismissed with prejudice.
17        IT IS SO ORDERED.
18   Dated: May 7, 2007
19
20                                             PHYLLIS J. HAMILTON
                                               United States District Judge
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

DARRELL D FOLEY,

     Plaintiff,

  v.

TOM BATES et al,

     Defendants.

                    /

Case Number: CV06-07294 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darrell D. Foley
2240 Ninth Street
Berkeley, CA 94710

Dated: May 7, 2007

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

# EXHIBIT "G"

**United States District Court**
For the Northern District of California

1
2
3                  UNITED STATES DISTRICT COURT
4                  NORTHERN DISTRICT OF CALIFORNIA
5
6   DARRELL D. FOLEY,
7              Plaintiff,                    No. C 07-0402 PJH
8        v.                          **ORDER DISMISSING COMPLAINT**
9   TOM BATES, et al.,
10             Defendants.
                                    /
11
12        Plaintiff Darrell D. Foley ("plaintiff") filed the instant complaint on November 14,
13   2006.  It was removed on January 22, 2007 pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1).
14   Now before the court is the motion of defendants Tom Bates, Boona Cheema and Mary
15   Duley ("moving defendants") to dismiss plaintiff's complaint.  Having carefully reviewed the
16   parties' papers and considered their arguments and the relevant legal authority, and good
17   cause appearing, the court hereby GRANTS the moving defendants' motion for the
18   following reasons.
19                           **BACKGROUND**
20        Plaintiff is a resident of Alameda County, California who resides in a transitional
21   housing facility located at 2240 Ninth Street in Berkeley, owned by the City of Berkeley and
22   operated by Building Opportunities for Self-Sufficiency ("BOSS").  Complaint for False
23   Imprisonment, Assault & Battery, Invasion of Privacy, and Trespass ("Complaint") at 3.
24   Plaintiff rents from BOSS.  He brings the instant action against four separate defendants:
25   Tom Bates ("Bates"), the Mayor of Berkeley, whom plaintiff sues in his official capacity only;
26   Boona Cheema ("Cheema"), alleged Director of BOSS, whom plaintiff sues in her individual
27   and official capacities; Mary Duley ("Duley"), alleged BOSS employee, whom plaintiff sues
28   in her individual and official capacities; and Hataitip Feng ("Feng"), alleged Community

EXHIBIT _____  G

United States District Court
For the Northern District of California

1    Planning and Development Director of the United States Department of Housing and Urban

2    Development ("HUD")[1], whom plaintiff sues in her official capacity only.  Complaint at 2.

3          Plaintiff's complaint generally takes issue with numerous aspects of BOSS'

4    transitional housing program and its treatment of plaintiff and his tenancy.  While the

5    complaint is non-sensical in parts, the court construes it liberally in order to give plaintiff the

6    benefit of the doubt where possible.

7          Plaintiff alleges that he terminated his Transitional Housing Placement Contract, but

8    defendants ignored this notice of termination, despite acknowledging receipt of service of

9    that termination.  Complaint at 3, 9, 12.  Plaintiff allegedly terminated his contract because

10   BOSS breached its professional service obligations under the contract by failing to provide

11   standard weekly visits and on-site counseling for the entire 2006 year.  Id. at 10.  In

12   addition, plaintiff claims defendants "do not have any legally qualified social worker[s]" to

13   carry out those obligations and conducted case management with illegal drug addicts and

14   janitors "impersonating social workers."  Id. at 11-12.  He generally complains that

15   defendants failed to adequately train and educate their employees, monitor persons in

16   transitional housing facilities, evaluate them under the program, provide adequate social

17   work supervision to people in transitional housing programs, and provide other required

18   services.  Id. at 27-28.

19         Plaintiff also alleges that on November 2, 2006, a Berkeley City employee went into

20   all private bedrooms without consent or prior notice of occupants, trespassing and violating

21   the Landlord-Tenant Act.  Id. at 3, 15.

22         Plaintiff's main complaint is that he was "assaulted" by defendants, who trespassed

23   on his property.  Id. at 8.  According to plaintiff, on October 10, 2006 around 11:00 p.m.,

24   ────────────

25   [1]      Because Ms. Feng, has not joined the moving defendants' motion, this order
     does not affect claims against the federal defendant.  The court, however, notes that Ms. Feng
26   moved for dismissal and for summary judgment on May 1, 2007, and it does appear that
     subject matter jurisdiction is lacking given the immunity of the federal defendant.  The court
27   notes that if plaintiff does wish for his case to be remanded to state court, this could only occur
     if plaintiff does not allege any federal claims and does not allege any claims against any
28   federal defendants.

                                            2

United States District Court
For the Northern District of California

1    Mary Duley illegally trespassed on the Ninth Street property with an unknown male

2    companion.[2]  Plaintiff was awakened when Ms. Duley came onto the property, as a result of

3    her "loud and party-like trespass." Id. at 19.  Plaintiff came out of his residence into the

4    *hallway*, where he noted Ms. Duley coming towards him from the opposite direction.

5    According to plaintiff, Ms. Duley passed by him and "intentionally put her shoulder into

6    [p]laintiff as [p]laintiff passed." Id.  Plaintiff then dialed 911 and reported the alleged

7    assault.  While the police came to investigate, plaintiff sought to press charges against Ms.

8    Duley, but plaintiff does not allege that any actual arrests took place.  Plaintiff claims Duley

9    was trespassing because she had inadequate educational background to be a social

10   worker, plaintiff had terminated his contract, and Duley did not provide advance notice of

11   the visit. Id. at 5.  It was also an invasion of privacy, because plaintiff had exclusive

12   possession of the second floor of the building at the time of the alleged incident. Id. at 30.

13   Plaintiff does not claim that Ms. Cheema was involved in the assault, but alleged Ms.

14   Cheema knew that dozens of grievances were filed against Duley, made her go to

15   sensitivity training, and therefore knew that Duley was violent. Id. at 8.

16        Plaintiff also complains of Boona Cheema's hiring of her spouse, Daniel Cheema

17   (who is not a defendant) because such hiring is a conflict of interest, and he is not a legally

18   qualified social worker.  Ms. Cheema has attempted to "cover her fraudulent appointment

19   of her husband by the drastic move of tweaking a sixteen-year, time-tested organizational

20   chart." Id. at 42-3.

21        Finally, plaintiff alleges that defendants illegally strip homeless individuals of their

22   welfare funds by illegally charging individuals rent for emergency shelter and charging $320

23   to welfare recipients. Id. at 43.  He claims that he was double charged since June 2006 for

24   _____

25        [2]  Apparently, plaintiff believes that Ms. Duley's presence on BOSS property was an
     illegal trespass, as opposed to a lawful authorized entry by a BOSS employee, based on a
26   Notice of Termination that plaintiff or another unnamed party served on "defendants" on August
     1, 2006.  Although the logic of these allegations is not wholly clear, plaintiff appears to believe
27   that, since this notice was served on defendants, defendants were stripped of all authority to
     come onto the property. See Complaint at 16.
28

                                              3

**United States District Court**
For the Northern District of California

1  rent, yet defendants continue to accept County of Alameda's $200/month rent checks on

2  plaintiff's behalf.  Id. at 55.

3      Plaintiff alleges the following causes of action:  1) breach of contract; 2) trespass; 3)

4  violation of Landlord-Tenant Act; 4) assault and battery; 5) civil conspiracy; 6) negligent

5  supervision and retention; 7) violation of Health and Safety Code sections 1501, 1530,

6  1559; 8) invasion of privacy; 9) negligence; 10) false imprisonment; 11) intentional infliction

7  of emotional distress ("IIED"); 12) negligent infliction of emotional distress ("NIED"); 13)

8  common law fraud, promissory fraud, and negligent misrepresentation; 14) 42 U.S.C. §

9  1983 violation(s); 15) malicious prosecution; and 16) Fourth and Fourteenth Amendment

10  violation(s).

11      Plaintiff has filed at least four actions arising out of his residence at the Ninth Street

12  Facility, including Civil Case No. 06-7294 PJH before this court.  This court dismissed the

13  complaint in Case No. 06-7294 on March 30, 2007 with leave to amend.  The following

14  causes of action alleged in that complaint are also alleged in the present complaint:

15  (1) IIED; (2) NIED; (3) 42 U.S.C. § 1983 violation(s); and (4) Fourth and Fourteenth

16  Amendment violation(s).  That complaint was also brought against Ms. Cheema and Mayor

17  Bates, as well as other defendants, but it was not brought against Ms. Duley and Ms. Feng.

18  However, that complaint did allege facts concerning the alleged assault by Ms. Duley.  This

19  court ordered that plaintiff amend that complaint by April 30, 2007 or it would dismiss the

20  action.  Plaintiff never filed an amended complaint in that action, and the court dismissed

21  Case No. 06-7294 with prejudice on May 7, 2007.

22      Moving defendants now seek to dismiss the instant complaint on the following

23  bases.  First, the claims against Mr. Bates are barred by various immunities or have not

24  been alleged against Mr. Bates.  Second, all of plaintiff's claims fail to state claims upon

25  which relief can be granted and are so vague and ambiguous that moving parties cannot

26  reasonably be required to frame a responsive pleading.  Third, all claims fail to state a

27  claim upon which relief can be granted because they refer generally to defendants even

28

4

1    though it is apparent not all defendants are involved in each claim.  In the alternative,

2    defendants move for a more definite statement.

3                                    **DISCUSSION**

4          A.    Legal Standard

5          A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a

6    claim where it appears beyond doubt that the plaintiff can prove no set of facts in support of

7    the claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan, 320 F.3d

8    1023, 1033 (9th Cir. 2003) (citations omitted).  In evaluating a motion to dismiss, all

9    allegations of material fact are taken as true and construed in the light most favorable to

10   the nonmoving party.  See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d

11   661, 663 (9th Cir. 2000) (citations omitted).

12         Federal Rule of Civil Procedure 8 requires that a complaint "contain ... a short and

13   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

14   8(a).  Under the "notice pleading" standard embraced by Rule 8, a plaintiff must include

15   "sufficient allegations to put defendants fairly on notice of the claims against them."

16   McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

17         B.    Moving Defendants' Motion

18         Plaintiff's amended complaint is not a model of clarity.  Nonetheless, construing

19   plaintiff's amended complaint as liberally as possible, plaintiff's amended complaint

20   purports to state the multiple causes of action described above.  Analysis of plaintiff's

21   allegations as to each claim, however, demonstrates that defendants are correct in their

22   arguments, and plaintiff's complaint must be dismissed for failure to state a claim.

23         As an initial matter, the court finds that the complaint must be dismissed because it

24   fails to put each defendant on notice of the claim or claims being asserted against him/her.

25   Plaintiff does not allege his specific claims against any specific defendant.  Rather, he

26   generally alleges all claims against "all defendants," without identifying which defendant is

27   responsible for his alleged injuries.  This is an impermissible attempt to sweep all four

28

United States District Court
For the Northern District of California

1    defendants into the lawsuit without making specific allegations as to any.  See McKeever v.

2    Block, 932 F.2d 795, 798 (9th Cir. 1991) (plaintiff must include "sufficient allegations to put

3    defendants fairly on notice of the claims against them").

4         Moreover, despite the broadly worded assertions of the complaint, it is obvious that

5    plaintiff's claims cannot even be asserted against all defendants.  Specifically, Berkeley

6    Mayor Tom Bates is sued in his official capacity.  In California, however, government

7    liability exists solely pursuant to statute, not common law.  Cal. Gov. Code § 815(a).  See

8    also Tolan v. State of California, 100 Cal. App. 3d 980, 986 (1979) (exclusive basis of

9    public entity tort liability is statutory).  Therefore, plaintiff's common law claims (claims 1-2,

10   4-6, 9-13, 15) are barred as to defendant Bates, as plaintiff fails to allege a statutory basis

11   for these claims, and are dismissed without leave to amend.

12        In addition, with respect to all of plaintiff's claims against Mayor Bates, including his

13   statutory and constitutional claims, Mayor Bates is immune from liability for injuries caused

14   by acts or omission of the City of Berkeley, BOSS, or BOSS's employees.  See Cal. Govt.

15   Code §§ 820.8-820.9.  Furthermore, "[e]xcept as otherwise provided by statute, a public

16   employee is not liable for an injury resulting from his act or omission where the act or

17   omission was the result of the exercise of the discretion vested in him, whether or not such

18   discretion be abused."  Cal. Govt. Code § 820.2.  The complaint does not state facts

19   alleging that Mayor Bates had any involvement in any of the acts complained of in the

20   complaint.  The complaint acknowledges that plaintiff's landlord is BOSS, and alleges that

21   defendant Duley, not Mayor Bates carried out the acts complained of.  Nor does plaintiff

22   allege that Mayor Bates had any role in supervising or retaining BOSS employees.  Plaintiff

23   does not allege that any defendant was an employee or agent of Mayor Bates or that he

24   supervised any defendant.  Therefore, all claims against Mayor Bates are dismissed

25   without leave to amend.

26        While the above observations are sufficient to warrant dismissal of plaintiff's claims

27   against defendants, the court nonetheless turns to the merits of each of the causes of

28

6

1  action asserted by plaintiff. As explained below, in addition to the problems already noted

2  above, plaintiff fails to allege facts supporting each separate cause of action. Thus, even if

3  plaintiff had placed each defendant on notice of the violations alleged against each

4  defendant, and even if Mayor Bates were not entitled to immunity, plaintiff's complaint

5  would still be dismissed for failure to state a claim as to all causes of action.

6                    1.    Breach of Contract

7        Plaintiff asserts a claim for breach of contract. A cause of action for breach of

8  contract must allege four elements: (1) the existence of a valid contract between the

9  parties; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's

10  unjustified or unexcused failure to perform; and (4) damages to plaintiff caused by the

11  breach. See Lortz v. Connell, 273 Cal. App. 2d 286, 290 (1969); CACI 300, 303.

12        Plaintiff alleges that he has contracts for periodic tenancy and professional service.

13  He alleges that he terminated his Transitional Housing Placement Contract and that

14  defendants ignored this notice of termination, despite having notice of it. See Complaint at

15  3, 9, 12. It also seems that plaintiff alleges that BOSS breached its professional service

16  obligations under the contract by failing to provide standard weekly visits and on-site

17  counseling and for failing to have legally qualified social workers on staff. Id. at 10-11.

18        Plaintiff, however, fails to allege facts concerning the terms of the above alleged

19  contracts. He fails to allege that he performed under the contracts. He fails to allege how

20  he was harmed by the alleged breaches. He also fails to allege who are parties to the

21  contracts. There are no allegations that any of the named defendants were parties to any

22  contract with him. The only inference is that he and BOSS are parties to the contract,

23  based on the fact that plaintiff rents from BOSS. However, this is of no avail, since BOSS

24  is not named as a defendant. In addition, plaintiff's repeated assertions that none of the

25  alleged contracts between him and BOSS are enforceable and that all are void directly

26  undercut this cause of action. Because plaintiff fails to allege facts concerning these

27  elements, the court dismisses the cause of action.

28

United States District Court
For the Northern District of California

7

2.    Trespass

Plaintiff also asserts a claim for trespass.  Trespass is a physical invasion of the plaintiff's interest in the exclusive possession of his land.  Wilson v. Interlake Steel Co., 32 Cal. 3d 229, 233 (1982); Kapner v. Meadowlark Ranch Assn., 116 Cal. App. 4th 1182, 1189 (2004) (tenant in common cannot trespass on commonly owned property).  Plaintiff alleges that on November 2, 2006, a Berkeley City employee went into all private bedrooms of the "entire property" without consent or prior notice of occupants.  Complaint at 3, 15. He also alleges that Ms. Duley went into the hallway of the Ninth Street facility.  Id.

As for defendants Mr. Bates and Ms. Cheema, there are no allegations that either entered the Ninth Street Facility, and the action for trespass must be dismissed as to these defendants, as plaintiff has not alleged they invaded any property interest of his.  On the basis of these facts, plaintiff cannot allege trespass against these defendants.

As for the allegations regarding the Berkeley City employee, neither the City nor the employee are named defendants, so this allegation fails to state a cause of action for trespass against the named defendants.  As to defendant Duley, while plaintiff alleges that she entered the hallway of the Ninth Street facility, he does not allege that she entered his bedroom or any non-common area on the property.  Rather, he alleges that he rented from BOSS, and that she is an employee of BOSS.  Because plaintiff only alleges that defendant Duley entered common area of the facility operated by her employer and does not allege that she entered his private rented space in the facility over which he has exclusive possession, plaintiff has failed to allege a cause of action for trespass.  See Kapner, 116 Cal. App. 4th at 1189.  While plaintiff seems to allege that she had no right to be there because he terminated his contract, this does not affect BOSS's and its employees right to be in hallways of the transitional facility.  Accordingly, this cause of action is dismissed with leave to amend against Ms. Duley only.

3.    Landlord-Tenant Act

Plaintiff alleges a violation of Cal. Civ. Code § 1942.5, which provides for civil liability

8

1    of "[a]ny lessor or agent of a lessor who violates this section."  Cal. Civ. Code § 1942.5(f).

2    While defendants maintain that plaintiff fails to state a claim because he alleges that BOSS

3    is his landlord, and BOSS is not a defendant, a landlord's "agent" can be liable under the

4    statute.  Id.  Plaintiff alleges that Ms. Duley is a BOSS employee.

5           However, that code provision only provides recovery for certain types of retaliation,

6    prohibiting the lessor from "recover[ing] possession of a dwelling in any action or

7    proceeding, caus[ing] the lessee to quit involuntarily, increas[ing] the rent, or decreas[ing]

8    any services within 180 days of any of the following."  Cal. Civ. Code § 1942.5(a).  Plaintiff

9    alleges that defendants' retaliation is evidenced by Ms. Duley's alleged trespass and

10   assault and battery.  See Complaint at 17.  However, this type of retaliation is not

11   prescribed by the statute, and plaintiff fails to allege any actionable retaliation.  There are

12   no allegations of retaliation with regards to defendants Mr. Bates and Ms. Cheema.  In

13   addition, plaintiff also complains that Ms. Duley violated the Act by entering his dwelling

14   without notice.  While a "landlord may enter the dwelling unit" only in certain cases, plaintiff

15   does not allege that Duley entered his dwelling unit.  Cal. Civ. Code § 1954. Accordingly,

16   this cause of action is dismissed with leave to amend against Ms. Duley only.

17                          4.    Assault and Battery

18          Plaintiff asserts a claim for both assault and battery.  Generally speaking, an assault

19   is a demonstration of an unlawful intent by one person to inflict immediate injury on the

20   person of another then present.  See Lowry v. Standard Oil Co., 63 Cal. App. 2d 1, 6-7

21   (1944).  The elements of assault are:  (1) defendant acted, intending to cause harmful or

22   offensive contact; (2) plaintiff reasonably believed that he was about to be touched in a

23   harmful or offensive manner; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff

24   was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's

25   harm.  A touching is offensive if it offends a reasonable sense of personal dignity.  See

26   CACI § 1301.

27          The elements of a cause of action for battery are:  (1) defendant intentionally did an

28

United States District Court
For the Northern District of California

1    act which resulted in a harmful or offensive contact with plaintiff; (2) plaintiff did not consent

2    to the contact; and (3) the conduct caused injury, damage, loss, or harm to plaintiff. See

3    Ashcraft v. King, 228 Cal. App. 3d 604, 611 (1991).

4    Plaintiff does not allege any physical contact with any of the defendants other than

5    Ms. Duley. Plaintiff alleges that Ms. Duley intentionally put her shoulder into him as she

6    passed him in the hallway. Complaint at 19. However, plaintiff fails to allege that this

7    contact caused him any injury or harm. Nor does he allege that pushing a shoulder into

8    him was harmful or offensive, as a touching is only offensive if it offends a reasonable

9    sense of personal dignity. See CACI § 1301. Accordingly, this cause of action is

10    dismissed with leave to amend against Ms. Duley only.

11                    5.    Civil Conspiracy

12    Plaintiff alleges that the defendants conspired with one another. The elements of a

13    civil conspiracy are "(1) the formation and operation of the conspiracy; (2) the wrongful act

14    or acts done pursuant thereto; and (3) the damage resulting." Mosier v. S. Cal. Physicians

15    Ins. Exch., 63 Cal. App. 4th 1022, 1048 (1998). The first element requires an agreement

16    by two or more persons to commit a wrongful act. Such an agreement may be made orally

17    or in writing or may be implied by the conduct of the parties. See CACI § 3600.

18    To the extent that plaintiff's other tort causes of action fail, his conspiracy cause of

19    action fails, because conspiracy "is not a cause of action, but a legal doctrine that imposes

20    liability on persons who, although not actually committing a tort themselves, share with the

21    immediate tortfeasors a common plan or design in its perpetration." See Applied

22    Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510-11 (1994).

23    In addition, and independent of those reasons, plaintiff fails to allege facts of the

24    underlying agreements that form the basis of the conspiracy, and he fails to allege which

25    defendants entered into these agreements. He does allege that Ms. Cheema and Ms.

26    Duley have conspired to do the lawful act of a social worker in an unlawful way, that they

27    shared the objective of forcing plaintiff to vacate the property, and that they had a meeting

28

1   of the minds to reward Ms. Duley with the position of social worker.  Complaint at 22.

2   These allegations, however, do not make clear exactly what wrongful acts were agreed to.

3   In addition, plaintiff fails to allege how the appointment of Ms. Duley as a social worker

4   harmed him.  Plaintiff also maintains that there was an agreement to violate his civil rights

5   that can be inferred from Ms. Duley's gross lack of qualifications and criminal record, but

6   this is nonsensical, and the complaint fails to allege what was agreed to in terms of

7   violating his civil rights and who agreed to it.   He also alleges that defendants' agreement

8   to conspire to conceal the illegality of BOSS transitional programs can be inferred from

9   uneducated social workers, but the alleged lack of qualifications of one social worker does

10  not mean that an agreement was made to harass the plaintiff.  Accordingly, this cause of

11  action is dismissed with leave to amend.

12              6.     Negligence/Negligent Supervision and Retention

13      Plaintiff asserts claims for "negligent supervision and retention" and negligence.  The

14  elements of a negligence cause of action are:  (1) legal duty to use good care; (2) breach of

15  that duty; (3) reasonably close causal connection between that breach and plaintiff's

16  resulting injury; and (4) loss or damage to plaintiff.  People v. Young, 20 Cal. 2d 832

17  (1942).

18      In his sixth cause of action for negligent supervision and retention, Foley alleges that

19  Daniel Miller-Cheema's appointment was illegal, and that HUD is responsible for his

20  supervision.  See Complaint at 25.  But plaintiff has not alleged any torts committed by

21  Daniel Miller-Cheema against him or any resulting injury, and this claim fails.  He also

22  alleges that Ms. Duley's appointment is illegal due to her lack of qualifications.  However,

23  he alleges that Ms. Duley's employer is BOSS, who is not a defendant, so plaintiff's claims

24  for negligent supervision and vicarious liability to hold her employer accountable for "the

25  torts of its employee" fail, as he has not alleged any causes of action against BOSS.

26      In his ninth cause of action for negligence, plaintiff maintains that defendants

27  breached their duties as landlords and property owners by operating substandard housing.

28

1   Foley fails to allege how this duty was breached, how he was harmed, and he fails to assert

2   this cause of action against BOSS, the alleged landlord.  While plaintiff alleges that the City

3   of Berkeley is liable, he does not allege a cause of action against the City.  <u>See id.</u> at 33.

4   Plaintiff also maintains that defendants breached their duty as underwriters, licensees, and

5   program operators by failing to provide comprehensive social programs.  <u>See id.</u> at 31.

6   Plaintiff, however, fails to allege any injury to himself as a result of any of the social

7   programs or personal services run by defendants.

8         Finally, all of plaintiff's negligence allegations are insufficient to establish a legal duty

9   owed from any defendant to plaintiff, which is "imposed by law, assumed by the defendant,

10  or exist[s] by virtue of a special relationship."  <u>Marlene F. v. Affiliated Psychiatric Medical</u>

11  <u>Clinic, Inc.</u>, 48 Cal. 3d 583, 590 (1989).  Plaintiff has not alleged any duties imposed on any

12  defendant by law.  He does not allege that any defendant independently assumed any legal

13  duties owed to him.  Nor does he identify a special relationship that would support

14  imposition of a legal duty.  These causes of action are dismissed with leave to amend.

15                    7.      Health and Safety Code Violations

16        Plaintiff alleges that defendants violated the California Community Care Facilities

17  Act, Cal. Health & Safety Code §§ 1501, 1530, and 1559 ("CCCFA").  Section 1501 of the

18  CCCFA sets forth legislative findings, and Section 1530 describes how the State

19  Department of Health shall adopt or amend the rules.  There is no Section 1559, and

20  Section 1559.110 provides for licensing of transitional housing placement facilities and

21  describes what such programs shall provide.  There is no private right of action under this

22  statute for private citizens to sue based on violations by transitional housing placement

23  facilities and their employees.  Accordingly, this claim is dismissed without leave to amend,

24  as it lacks a cognizable legal theory.  <u>See Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696,

25  699 (9th Cir. 1988).

26                    8.      Invasion of Privacy

27        Plaintiff also asserts a claim for invasion of privacy under the California Constitution.

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   A plaintiff alleging an invasion of privacy in violation of California's constitutional right to

2   privacy must establish each of the following: (1) a legally protected privacy interest; (2) a

3   reasonable expectation of privacy in the circumstances; and (3) conduct by defendant

4   constituting a serious invasion of privacy. Hill v. National Collegiate Athletic Assn., 7 Cal.

5   4th 1, 40 (1994). "If the undisputed material facts show no reasonable expectation of

6   privacy or an insubstantial impact on privacy interests, the question of invasion may be

7   adjudicated as a matter of law." Id.

8        Legally recognized privacy interests are generally of two classes: (1) interests in

9   precluding the dissemination or misuse of sensitive and confidential information

10  ("informational privacy"); and (2) interests in making intimate personal decisions or

11  conducting personal activities without observation, intrusion, or interference ("autonomy

12  privacy"). Id. at 35.

13       In support of his claim, plaintiff first alleges he has an expectation that his personal

14  information would only be disclosed to social workers.  Plaintiff, however, does not allege

15  that his personal information was disclosed to anyone.  Complaint at 29.  He therefore

16  does not allege any dissemination of any sensitive or confidential information.  Plaintiff also

17  appears to be claiming that Ms. Duley's alleged visit to the Ninth Street Facility invaded his

18  privacy.  As for Ms. Duley's alleged visit to the facility, he fails to allege he had a

19  reasonable expectation of privacy in the hallway of the transitional facility in which he lived.

20  While he alleges that he was the sole occupant of the second floor at the time of this

21  incident, he only alleges that she came into the hallway of that second floor.  He does not

22  allege that she came into an area that was not a designated common area.  He also fails to

23  allege any serious invasion of his privacy interests, as Ms. Duley is an employee in the

24  transitional shelter who merely went into a common area of the facility.  He does not allege

25  any invasion of privacy by Mr. Bates or Ms. Cheema.  Accordingly, this cause of action is

26  dismissed with leave to amend against Ms. Duley only.

27       9.    False Imprisonment

28

13

1    Plaintiff also asserts a claim for false imprisonment, which is the non-

2 consensual, intentional confinement of a person, without lawful privilege, for an appreciable

3 length of time, however short, which causes the plaintiff to suffer harm. Moko v. Holy Spirit

4 Ass'n, 46 Cal. 3d 1092, 1123 (1988). A cause of action for false imprisonment will lie (1)

5 where there has been an unlawful arrest followed by imprisonment, or (2) where the arrest

6 is lawful but an unreasonable delay has occurred in taking the person before a magistrate,

7 for so much of the imprisonment as occurred after the period of the reasonable or

8 necessary delay. City of Newport Beach v. Sasse, 9 Cal. App. 3d 803, 810 (1970).   An

9 arrest involves "taking a person into custody." Cal. Penal Code § 834. A defendant cannot

10 be liable for false imprisonment unless he or she takes an active role in bringing about the

11 unlawful arrest. A person may be said to have actively induced a wrongful arrest which

12 results from a false accusation that directly leads to the arrest. In the absence of an

13 allegation (or facts showing) that the accusation was of a character as to foreseeably

14 induce an arrest, no cause of action for false imprisonment is stated, however. Du Lac v.

15 Perma Trans Products, Inc., 103 Cal. App. 3d 937, 943 (1980).

16    Plaintiff bases this cause of action on a citizen's arrest made of him without probable

17 cause by Ms. Duley. He does not allege that she confined him at all, took him into custody,

18 or that she made a false statement to the police that foreseeably induced his arrest. Nor

19 does he allege that he was confined or imprisoned at all, let alone intentionally confined for

20 an appreciable length of time. He does not allege that any other defendant was involved in

21 this alleged citizen's arrest. Accordingly, this cause of action is dismissed with leave to

22 amend against Ms. Duley only.

23          10.    IIED and NIED

24    Plaintiff asserts a claim for intentional infliction of emotional distress ("IIED"). The

25 elements of a claim for IIED are (1) extreme and outrageous conduct by the defendant with

26 the intention of causing, or reckless disregard of the probability of causing, emotional

27 distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual

28

14

1   and proximate causation of the emotional distress by the defendant's outrageous conduct.

2   See, e.g., Cervantes v. J.C. Penney Co., 24 Cal. 3d 579, 593 (1979); see also Christensen

3   v. Superior Court, 54 Cal. 3d 868, 904-05 (1991).

4   Plaintiff alleges his emotional distress resulted from the threat of being evicted and

5   made homeless again. That threat was made through "continuous constructive evictions

6   and assaults" based on the following facts. Complaint at 35. First, a City of Berkeley

7   employee measured the property and went into all private bedrooms without consent.

8   Second, Ms. Duley and her guest came on the premises late at night in the hallway outside

9   of plaintiff's room and Ms. Duley "intentionally put her shoulder into plaintiff."

10  These allegations are insufficient to support plaintiff's IIED claim. First, as has been

11  previously noted, the City of Berkeley is not a defendant. Regarding the allegations about

12  Ms. Duley, plaintiff fails to plead facts showing that the alleged conduct was "beyond all

13  bounds of decency" and therefore "outrageous." To be outrageous, conduct must be so

14  extreme as to exceed all bounds of conduct which usually is tolerated in a civilized

15  community. See Christensen, 54 Cal. 3d at 903. Plaintiff's allegation that defendant Duley

16  pushed her shoulder into him does not suffice. While plaintiff alleges that a number of

17  relatively serious physical symptoms have resulted from his fear of being evicted and

18  homeless again, he alleges that he still lives at the Ninth Street Facility. In addition, his

19  claim that the alleged measuring of the premises by a city employee and the single

20  shoulder pushing incident caused such emotional distress and a fear of being homeless

21  again is nonsensical on its face, and the necessary causal connection is lacking.

22  Plaintiff also alleges a claim of negligent infliction of emotional distress. In

23  California, there is no independent tort of negligent infliction of emotional distress. See

24  Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 981 (1993). Negligent infliction of

25  emotional distress is merely a form of the tort of negligence. See Huggins v. Longs Drug

26  Stores California, Inc., 6 Cal. 4th 124, 129 (1993). Thus, to establish a claim for negligent

27  infliction of emotional distress, the plaintiff must set forth each of the elements of

28

1  negligence: (1) duty; (2) negligent breach of duty; (3) legal cause; and (4) damages caused

2  by the negligent breach. See Friedman v. Merck & Co., 107 Cal. App. 4th 454, 463 (2003).

3  There is no duty, however, "to avoid negligently causing emotional distress to

4  another...". Potter, 6 Cal. 4th at 984. Unless the defendant "has assumed a duty to plaintiff

5  in which the emotional condition of the plaintiff is an object, recovery is available only if the

6  emotional distress arises out of the defendant's breach of some other legal duty and the

7  emotional distress is proximately caused by that breach of duty." Gu v. BMW of North

8  America, LLC, 132 Cal. App. 4th 195 (2005). A legal duty "may be imposed by law, be

9  assumed by the defendant, or exist by virtue of a special relationship." Potter, 6 Cal. 4th at

10  985; Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583, 590 (1989).

11  Plaintiff cites transitional Housing Statutes (Title 22, division 26) as giving rise to

12  defendants' duties, but, as the court previously noted in its March 30, 2007 Order in

13  plaintiff's related case, there is no law existing by that name or citation, and the court could

14  not confirm that allegations made by plaintiff actually reiterate certain duties imposed on

15  any defendant by law. Plaintiff has failed to adequately state a claim for negligent infliction

16  of emotional distress for the same reasons he has failed to allege negligence, including his

17  failure to plead duty. Plaintiff's IIED and NIED claims against Mr. Bates and Ms. Cheema

18  were dismissed with leave to amend in the court's March 30, 2007 order. Despite being

19  given the chance to amend these claims, plaintiff failed to do so. Accordingly, the court

20  now dismisses these claims without leave to amend.

21  11.    Fraud

22  Plaintiff also alleges a claim for fraud, promissory fraud, and negligent

23  misrepresentation. Tortious fraud or deceit occurs when a party "willfully deceives another

24  with the intent to induce him to alter his position to his injury or risk." Cal. Civ. Code §

25  1709. It requires misrepresentation of material fact made with the knowledge of its falsity

26  or a knowledge of the effect of concealment of a material fact with the intent to induce

27  reliance, justifiable reliance, and causation and damage. See Roddenberry v.

28

1   Roddenberry, 44 Cal. App. 4th 634, 655 (1996).  The misrepresentation must consist of

2   either: the suggestion, as a fact, of that which is not true by one who does not believe it to

3   be true (affirmative misrepresentation); suppression of a fact, by one who is bound to

4   disclose it or who gives information of other facts which are likely to mislead for want of

5   communication of that fact (concealment); or a promise made without any intention of

6   performing it (false promise).  Cal. Civ. Code § 1710.

7            Negligent misrepresentation may occur if a party to a contract makes an

8   unwarranted and untrue assertion, believing the assertion to be true and intending to

9   induce another party to enter in the contract.  It may also occur outside a contractual

10  setting if a person asserts as a fact which is not true, having no reasonable ground for

11  believing it to be true, and intending that the plaintiff rely upon the assertion.  Cal. Civil

12  Code §§ 1572(2), 1709, 1710.  The elements are: (1) untrue representation as to a past or

13  existing material fact; (2) made without any reasonable ground for believing it to be true; (3)

14  made with the intent to induce reliance; (4) justifiable reliance; and (5) causation and

15  damage.  See Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986).

16           Plaintiff alleges that representations were made by BOSS, "Cheema", "Jordan", and

17  "Isaacs" that they operated a legitimate program that would assist plaintiff in finding

18  permanent housing.  He claims these false statements were made with the intent to induce

19  reasonable reliance and caused him damages.  In particular, he claims Ms. Cheema has

20  committed fraud through reports she files with the City of Berkeley showing she has placed

21  hundreds of individuals into permanent housing.  Complaint at 39.  He also alleges that

22  BOSS and the City of Berkeley lacked capacity to enter into the transitional housing

23  contract, since they have no statutorily compliant programs and professionals.  Plaintiff also

24  lists a litany of other illegal and other bad acts committed by BOSS, the City of Berkeley,

25  Daniel Cheema, Ms. Duley, and Boona Cheema, but none of these even deal with

26  representations made to the plaintiff, let alone intent to induce his reliance.

27           Of the defendants plaintiff alleges committed fraud, only Ms. Duley and Ms. Cheema

28

United States District Court
For the Northern District of California

1  are defendants.  Federal Rule of Civil Procedure 9(b) "requires particularity as to the

2  circumstances of the fraud - this requires pleading facts that by any definition are

3  'evidentiary': time, place, persons, statements made, explanation of why or how such

4  statements are false or misleading."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 n.7

5  (9th Cir. 1994).  Plaintiff's fraud allegations do not describe what representations were

6  made about the program's legitimacy, when they were made, how such statements are

7  false, and how such statements harmed plaintiff.  The complaint therefore fails to

8  coherently plead the required elements of any of the above fraud theories.  Accordingly,

9  this claim is dismissed with leave to amend.

10                        12.    42 U.S.C. § 1983

11        Plaintiff alleges a claim under 42 U.S.C. § 1983.  Section 1983 "provides a cause of

12  action for the 'deprivation of any rights, privileges, or immunities secured by the

13  Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498,

14  508 (1990).  Section 1983 is not itself a source of substantive rights, but merely provides a

15  method for vindicating federal rights elsewhere conferred.  See Graham v. Connor, 490

16  U.S. 386, 393-94 (1989).  To state a claim under § 1983, a plaintiff must allege two

17  essential elements: (1) that a right secured by the Constitution or laws of the United States

18  was violated; and (2) that the alleged violation was committed by a person acting under

19  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

20  County, 811 F.2d 1243, 1245 (9th Cir. 1987).

21        Plaintiff fails to adequately establish either element.  First, the complaint does not

22  adequately identify the statutory or constitutional right that is the basis for plaintiff's section

23  1983 claim.  Indeed, plaintiff's allegations regarding this claim read as a hodgepodge of

24  disjointed statements and conclusory opinions regarding the illegal nature of defendants'

25  actions.  Plaintiff makes reference to various *state* statutes, that do not qualify as federal

26  rights.  Plaintiff also refers to "malicious prosecution" as a basis for his claim.  But nowhere

27  does he establish that "the defendants prosecuted [him] with malice and without probable

28

United States District Court

For the Northern District of California

1    cause, and that they did so for the purpose of denying [him] equal protection or another

2    specific constitutional right." Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th

3    Cir.2004) (reciting elements for section 1983 claim based on malicious prosecution).

4          Finally, while plaintiff does make reference to his rights under the Internal Revenue

5    Code and various recognized constitutional rights – specifically, the First, Fourth, Fifth and

6    Fourteenth Amendments – plaintiff's allegations in this regard are wholly conclusory, and

7    the court cannot discern any relation between the facts that plaintiff alleges, and the federal

8    amendments he invokes. See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982

9    (9th Cir. 1997) (in order for plaintiff to state a claim under section 1983, it must be clear

10   from the face of plaintiff's well-pleaded complaint that there is a federal question).  Plaintiff

11   does assert several free-standing causes of action for violation of each constitutional

12   amendment elsewhere in his complaint.  However, even liberally interpreting these

13   independent claims as brought under section 1983, plaintiff fails to state a claim under any

14   of them, as described in the subsequent analysis.

15         Second, and moreover, even if plaintiff had managed to adequately allege that his

16   federal and/or constitutional rights were violated, plaintiff would still face hurdles in

17   satisfying the second requisite element of a section 1983 claim – i.e., that any alleged

18   violation was committed by a person acting under color of state law.  See West v. Atkins,

19   487 U.S. at 48-49 (person acts under color of state law if he "exercise[s] power possessed

20   by virtue of state law and made possible only because the wrongdoer is clothed with the

21   authority of state law").

22         With respect to Mayor Bates, plaintiff's complaint contains no allegations that he is

23   acting under color of state law.  Generally, a public employee acts under color of state law

24   while acting in his official capacity or while exercising his responsibilities pursuant to state

25   law, but the employee's actions are not taken under color of state law if they are not in any

26   way related to the performance of his duties as a public official . See Johnson v. Knowles,

27   113 F.3d 1114, 1117 (9th Cir. 1997).  As discussed above, Mayor Bates is protected by

28

19

1  various immunities, and plaintiff has completely failed to identify any allegations that

2  specifically target Mr. Bates, or demonstrate in any way that he was taking specific actions

3  against plaintiff, let alone that he was exercising any responsibilities pursuant to state law.

4      With respect to Ms. Cheema and Ms. Duley, plaintiff has similarly failed to

5  adequately allege that they are acting under color of state law.  They appear to be private

6  individuals.  Plaintiff alleges that BOSS is a private non-profit organization, for which Ms.

7  Cheema acts as director and Ms. Duley as an employee.   Generally speaking, a private

8  individual does not act under color of state law for purposes of section 1983 liability.  See

9  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  An exception to this rule exists "if, though

10 only if, there is such a close nexus between the State and the challenged action that

11 seemingly private behavior may be fairly treated as that of the State itself."  Brentwood

12 Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96 (2001)

13 (internal quotation marks omitted).

14     Here, plaintiff alleges only that BOSS receives 100% of its funding from "the citizens

15 of Berkeley;" that the City of Berkeley owns the Ninth Street property, that BOSS receives

16 "state-granted, complete tax exemptions on any property taxes and income taxes usually

17 charged on a rental property; that BOSS is "the property manager for city-owned

18 premises"; and that BOSS "cannot make a move with the property without the consent of

19 the Mayor, City Counsel, and the Berkeley Housing Authority."  See Complaint at 51.

20 Aside from the insufficiency of some of these allegations on their face (i.e., funding from

21 Berkeley "citizens" does not constitute funding by the State), none of these allegations

22 actually states any facts that embrace Ms. Cheema or Ms. Duley themselves, or otherwise

23 indicate that Ms. Cheema, Ms. Duley, or their role/actions on behalf of BOSS consisted of

24 concerted action with the State, as plaintiff claims.  See, e.g., Complaint at 51; see also

25 Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) (to be liable under

26 section 1983, the defendant's actions must have caused the alleged violation); May v.

27 Animate, 633 F.2d 164, 167 (9th Cir. 1980) ("A [section 1983] plaintiff must allege facts, not

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1 simply conclusions, that show that an individual was personally involved in the deprivation

2 of his civil rights."). As such, no sufficient nexus has been alleged between Ms. Cheema or

3 Ms. Duley and the State, for purposes of satisfying plaintiff's section 1983 prima facie case.

4 Plaintiff's section 1983 claim against Mr. Bates and Ms. Cheema was dismissed with leave

5 to amend in the court's March 30, 2007 order in the related case. Plaintiff failed to amend

6 his complaint, and the court now dismisses this claim without any further leave to amend.

7                   13.    Malicious Prosecution

8         Plaintiff also alleges a claim for malicious prosecution. In order to establish a cause

9 of action for malicious prosecution, a plaintiff must demonstrate that the prior action:

10 (1) was commenced by or at the direction of the defendant and was pursued to a legal

11 termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated

12 with malice. Sheldon Appel Co. v. Albert & Oliker, 47 Cal. 3d 863, 871 (1989). The

13 complaint does not provide any identifying information about the supposed arrest or

14 prosecution. The underlying allegations for this cause of action are the alleged citizen's

15 arrest by Ms. Duley. Plaintiff does not allege that any other defendant arrested or

16 prosecuted him. It is unclear even if there was a prosecution. While the complaint contains

17 a conclusory allegation that the citizen's arrest by Ms. Duley resulted in criminal

18 prosecution terminated in plaintiff's favor, the complaint explicitly states that the county

19 attorney "did decide not to prosecute, however an arrest without prosecution can serve as

20 a basis of a malicious prosecution cause of action." Complaint at 52. The complaint also

21 states that while plaintiff agreed to a mutual arrest at that time of the incident with Mary

22 Duley, the police recanted their offer to arrest plaintiff and Ms. Duley, and stated that the

23 parties would have to perform a citizen's arrest. Id. at 4-5, 19.

24         In sum, the complaint lacks any identifying information about the arrest and in fact,

25 indicates that there was no arrest. It lacks any allegations regarding charges made against

26 plaintiff, prosecution of those charges, or legal termination of the prior action. The

27 complaint also lacks allegations that Ms. Duley acted with malice, and lacks any allegations

28

1   regarding her intent in initiating any alleged prosecution. Accordingly, this claim is

2   dismissed with leave to amend against Ms. Duley only.

3                14.    Fourth and Fourteenth Amendments

4           Plaintiff asserts his next cause(s) of action under the Fourth and Fourteenth

5   Amendments. The Fourteenth Amendment is not self-executing, and can only be brought

6   by plaintiff pursuant to a section 1983 claim. See Magana v. Com. of the Northern Mariana

7   Islands, 107 F.3d 1436, 1441 (9th Cir. 1997)("[s]ection 1983 is ⟨⟩ the modern-day statute 'to

8   enforce the Provisions of the Fourteenth Amendment to the Constitution.'"). Nonetheless,

9   even construing plaintiff's claims as properly brought, plaintiff fails to state a claim.

10          Construing plaintiff's allegations liberally, it appears that plaintiff alleges that Ms.

11  Duley's trespass and the City of Berkeley employee's trespass violated his Fourth

12  Amendment rights and procedural due process rights. He also alleges that "defendants

13  have allowed the grossly and blatantly incompetent and most unscrupulous individuals

14  automatic access to Plaintiff's most private and sensitive personal information contained in

15  his case file." Complaint at 56. He also claims that defendants ignore the legal

16  requirements of "notice and hearing" to evict persons, but he does not allege eviction. He

17  also alleges that defendants ignore the requirements and process of licensing social

18  workers. Complaint at 53. Foley seems to claim that his real property interest in his rental

19  tenancy and transitional housing contract have been interfered with.

20          The due process clause of the Fourteenth Amendment protects individuals against

21  governmental deprivations of "life, liberty, and property" without due process of law. See

22  U.S. Const., amend. XIV. "[T]he touchstone of due process is protection of the individual

23  against arbitrary action of government." County of Sacramento v. Lewis, 523 U.S. 833, 845

24  (1998)(quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also Squaw Valley

25  Development Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004). The due process clause

26  confers both procedural and substantive rights – i.e., due process violations can refer either

27  to a denial of fundamental procedural fairness (procedural due process violations) or the

28

United States District Court
For the Northern District of California

1   exercise of power without any reasonable justification in the service of a legitimate

2   governmental objective (substantive due process violations).  See County of Sacramento v.

3   Lewis, 523 U.S. 833, 845-46 (1998).

4     The Fourth Amendment proscribes "unreasonable searches and seizures."  U.S.

5   Const. amend. IV; Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir. 1995).  It applies to

6   the states by operation of the Fourteenth Amendment.  A "seizure" of property occurs when

7   there is some meaningful interference with an individual's possessory interests in that

8   property.  See U.S. v. Jacobsen, 466 U.S. 109, 113 (1984).  The Supreme Court, however,

9   has consistently construed this protection as proscribing only governmental action; it is

10  wholly inapplicable "to a search or seizure, even an unreasonable one, effected by a

11  private individual not acting as an agent of the Government or with the participation or

12  knowledge of any governmental official."  Id.

13    Plaintiff's constitutional claims fail for the same reasons noted in this court's prior

14  order in plaintiff's related case.  Plaintiff fails to allege the requisite "governmental action"

15  that would permit the Fourth Amendment's proscriptions to be applied to Mr. Bates, Ms.

16  Cheema, and Ms. Duley.  As noted above, plaintiff asserts absolutely no factual allegations

17  regarding Mr. Bates' involvement in any alleged seizure, let alone any allegations regarding

18  Mr. Bates' participation with any government entity in connection with the alleged seizures.

19  Even if plaintiff had made such allegations, as a local city official, Mr. Bates cannot be sued

20  under the Fourth Amendment directly, as this amendment binds only the federal

21  government, and the state governments (via operation of the Fourteenth Amendment).

22    As for Ms. Cheema and Ms. Duley, Ms. Cheema is not alleged to have been

23  involved in any of the other "seizure" actions that plaintiff complains of.  As for both Ms.

24  Duley and Ms. Cheema, plaintiff fails to allege supporting facts demonstrating that these

25  individuals were instruments or agents of the government, or were otherwise directly

26  involved in a seizure of plaintiff's property in coordination with the government.  See United

27  States v. Young, 153 F.3d 1079, 1080 (9th Cir.1998) ("The Fourth Amendment limits

28

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1    searches conducted by the government, not by a private party, unless the private party acts

2    as an 'instrument or agent' of the government."). It is true that plaintiff alleges that BOSS

3    has connections to, and is acting as the agent of, *local* government. <u>See</u> Complaint at 54-

4    55. However, BOSS has not been sued. Without more, these allegations are insufficient to

5    demonstrate that Ms. Cheema or Ms. Duley were acting as government agents. And, as

6    just noted, the Fourth Amendment only binds state and federal government actions.

7    Accordingly, plaintiff has not satisfied the governmental action requirement under the

8    Fourth Amendment.

9         Since the plaintiff has not adequately alleged governmental action necessary for his

10   constitutional claims, the court need not reach the merits of these claims. See Jean v.

11   Nelson, 472 U.S. 846, 854 (1985) (federal courts must consider nonconstitutional grounds

12   for decision before reaching constitutional questions). However, it should be noted that

13   plaintiff alleges he still lives at the Ninth Street Facility. Nowhere does he allege that any

14   defendants searched or entered his room at the facility. He only alleges that defendant

15   Duley entered the hallway. This claim against Mr. Bates and Ms. Cheema was dismissed

16   with leave to amend in the court's March 30, 2007 order. Plaintiff failed to amend his

17   complaint, and the court now dismisses this claim without leave to amend.

18                                                   **CONCLUSION**

19        In accordance with the foregoing, the complaint is DISMISSED in its entirety. The

20   dismissal is WITHOUT LEAVE TO AMEND as to all claims against Mayor Bates. The

21   dismissal is WITHOUT LEAVE TO AMEND as to the following causes of action against all

22   moving defendants: IIED; NIED; Cal. Health & Safety Code §§ 1501, 1530, and 1559

23   violations; violations of 42 U.S.C. § 1983; and violations of the Fourteenth and Fourth

24   Amendments. The dismissal is WITHOUT LEAVE TO AMEND the following causes of

25   action as against Ms. Cheema, as plaintiff alleged no facts about her in relation to these

26   claims: trespass; Landlord-Tenant Act; assault and battery; invasion of privacy; and false

27   imprisonment. The remaining claims are dismissed WITH LEAVE TO AMEND. In any

28

United States District Court

For the Northern District of California

1   amended complaint, plaintiff must allege separate, properly numbered causes of action;

2   must state a specific constitutional or statutory basis for *each separate cause of action*;

3   must allege facts supporting the elements of each separate cause of action, including the

4   dates of the alleged wrongful acts; must allege facts showing *each defendant*'s personal

5   involvement in the wrongful act alleged in each cause of action; and must allege the

6   resulting harm or injury.  Any amended complaint must be filed no later than **June 14,**

7   **2007**.  If the amended complaint is not filed by that deadline, or if it fails to comply with the

8   directions stated above, the court will dismiss the action.[3]

9   **IT IS SO ORDERED.**

10

11   Dated: May 14, 2007

12                                PHYLLIS J. HAMILTON
                                 United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

---

26     [3] In light of the court's order, moving defendants' request for a more definite statement

27 is moot.  The court also DENIES plaintiff's Requests for Judicial Notice, filed on April 17, 2007, as they fail to satisfy the requirements for judicial notice as set forth in Federal Rule of Evidence 201.

28

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On this date I served the foregoing **DECLARATION OF SETH J. SCHWARTZ IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Walnut Creek, California, addressed as follows:

**Attorneys For Plaintiff in Pro Per :**

Darrell D. Foley
c/o NOSCW
P.O. Box 11406
Berkeley, CA 94712-2406

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September _4_, 2008 at Walnut Creek, California.

Carol O'Neil

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330